MICHAEL HORTON, Plaintiff-Appellant, *v.* ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

First District (4th Division)   No. 83—1231

■■■■■■■

Opinion filed June 7, 1984.—Rehearing denied July 25, 1984.

Kenneth N. Flaxman, of Chicago, for appellant.

Crotty and Hoyne, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Michael Horton, had a fire insurance policy on his home with the defendant, Allstate Insurance Company. The home was damaged by a fire which both parties agree may have stemmed from incendiary origins. Pursuant to the terms of the policy, Horton submitted "sworn statements of proof of loss" to Allstate. Allstate rejected those statements and requested more detailed statements, as well as additional documentation to which it contends it was entitled under the terms of the policy.

The plaintiff made no attempt to comply with Allstate's request and took no action to either excuse or dispute his noncompliance. Rather, the plaintiff immediately commenced this action against All-

state seeking recovery in contract for the proceeds of the insurance policy in addition to punitive damages for Allstate's alleged wrongful refusal to pay under the policy. The plaintiff has never argued that if Allstate prevails he should then be entitled to submit the additional proof of loss statements and documentation requested by Allstate. Following oral arguments by the parties, the trial court granted Allstate's motion for summary judgment. This appeal followed.

The contract of insurance between the plaintiff and Allstate provides that following a loss, the insured must submit detailed proof of loss statements to the insurer.[1] In addition to the proof of loss statements that must be filed by an insured, the policy also provides that the insurance company may request additional documentation of its insured's loss. Specifically, the contract provides that "The insured *** as often as may be reasonably required, shall produce for examinations all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost ***." The conditions section of the contract states that after a loss, the insured must, among other things, submit "original bills, invoices, and other vouchers, or certified copies which we may reasonably request ***." As a condition precedent for bringing suit against the insurer, the policy requires the insured to have first fully complied with all of the terms of the policy.

The plaintiff first argues that because he submitted proof of loss statements to Allstate, the issue of whether the statements were adequate or inadequate is a question of fact to be determined by a jury. Therefore, the plaintiff urges that summary judgment was improper in this case. While the propriety of the proof of loss statements, standing alone, may comprise a jury question, the plaintiff ignores the fact that the insurance policy permits Allstate to require additional documentation from its insured.

The Illinois Supreme Court has found that the production of

---

[1] "*** within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: the time and origin of the loss, the interest of the insured and of all others in the property, the actual cash value of each item thereof and the amount of loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not, covering any of said property, any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy, by whom and for what purpose any building herein described in the several parts thereof were occupied at the time of loss and whether or not it then stood on leased ground, and shall furnish a copy of all the descriptions and schedules in all policies and, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged."

an insured's books and records, when requested, is a reasonable condition precedent to recovery. (*Niagara Fire Insurance Co. v. Forehand* (1897), 169 Ill. 626, 48 N.E. 830.) Consequently, the fact that the plaintiff may have filed proper proof of loss statements does not in itself entitle him to recovery. Thus, as a condition precedent to recovery, the plaintiff was obligated to provide the additional documentation if the request was made pursuant to the terms of the contract.

A second and related argument raised by the plaintiff is that the document request tendered by Allstate was not in accord with the terms of the policy and that therefore, the plaintiff was under no obligation to comply with the request. The plaintiff concedes that certain of the additional documents requested by Allstate were expressly contemplated by the policy, such as books of account, bills, invoices and other vouchers. He contends, however, that because other documents included in the request, such as tax returns, utility bills and pleadings pertaining to his bankruptcy petition, were not expressly specified in the policy, Allstate's document request was unauthorized, and compliance with the request was therefore not a condition precedent to recovery.

■ Leaving aside for the moment those documents not specifically detailed in the policy, we find first that the plaintiff was under a contractual obligation to produce those documents expressly specified in the policy. The plaintiff agreed to produce books of account, bills, invoices and other vouchers, "or certified copies thereof if originals be lost," upon Allstate's reasonable request following a loss. The plaintiff made no attempt to comply with the request or excuse his noncompliance. The plaintiff further agreed in the policy that he would comply with the terms of the policy prior to bringing suit against Allstate. Because the plaintiff did not fulfill this condition precedent or attempt to excuse his noncompliance, we find that his suit against Allstate was barred under the policy for failure to comply with a condition precedent to which the parties had both agreed.

It becomes unnecessary, therefore, for this court to address the plaintiff's arguments concerning Allstate's request for documents not specifically set forth in the policy. Because the plaintiff failed to comply with the condition precedent discussed above, he forfeited his right under the policy to bring suit against Allstate. Thus, we need not address the propriety of Allstate's request for such items as the plaintiff's tax returns, utility bills and pleadings pertaining to his bankruptcy petition. In sum, there were sufficient undisputed facts for the trial court to conclude as a matter of law that the plaintiff forfeited his right to sue Allstate when he failed to comply with a condi-

tion precedent of the policy.

■ The plaintiff's final argument on appeal is that summary judgment was improper in this case because a jury could have concluded that the plaintiff's compliance with Allstate's document request would have been a "futile act." In effect, the plaintiff maintains that Allstate committed an anticipatory breach of contract and that a jury could have been justified in concluding that Allstate would not have paid the plaintiff, even if the plaintiff had complied with the document request.

The record discloses that in a letter dated April 6, 1981, Allstate rejected the plaintiff's proof of loss statements and requested additional documentation in support of his claim. In this letter, Allstate granted the plaintiff until April 27, 1981, to submit proper proof of loss statements and supporting documents. Blank proofs of loss were attached to the letter and Allstate provided the plaintiff with the name and address of the Allstate representative to whom the new proofs were to be submitted. The plaintiff now maintains that this letter constituted an anticipatory breach by Allstate which in turn became a question of fact for the jury. We disagree.

Before renunciation can be treated as an anticipatory breach, there must be a positive and unequivocal manifestation of intention that the party will not render the promised performance when the time fixed in the contract arrives. (*B&C Electric, Inc. v. Pullman Bank & Trust Co.* (1981), 96 Ill. App. 3d 321, 421 N.E.2d 206.) The plaintiff offers nothing to buttress his argument other than his subjective belief that Allstate did not intend to pay his claim. We believe that this subjective belief was insufficient to defeat Allstate's motion for summary judgment. (See *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223.) Indeed, the very wording of the letter sent by Allstate to the plaintiff is thoroughly inconsistent with a repudiation of liability. (See *Do-Re Knit, Inc. v. National Union Fire Insurance Co.* (E.D.N.Y. 1980), 491 F. Supp. 1334.) We therefore do not believe that there was any evidence from which a jury could conclude that Allstate did not intend to fulfill its obligations under the policy.

■ Furthermore, the plaintiff never raised his anticipatory breach theory until after the trial court had ruled on the motion for summary judgment. Until that time, the plaintiff consistently argued that he had fully complied with the terms of the policy. Only after Allstate's motion for summary judgment was granted did the plaintiff argue that he was justified in failing to comply with the policy because of Allstate's alleged renunciation of the contract. We thus do not be-

lieve that the plaintiff's anticipatory breach argument was properly raised or pleaded. See *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223.

For the foregoing reasons, the trial court's order granting Allstate's motion for summary judgment is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.