HAROLD PICK, Plaintiff-Appellant, v. ASSOCIATED INDEMNITY COR-PORATION, Defendant-Appellee.

First District (5th Division)   No. 1—88—0380

Opinion filed November 9, 1989.

Mark D. DeBofsky, of DeBofsky & DeBofsky, of Chicago, for appellant.

Gregory Glisich, of Leahy & Eisenberg, Ltd., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Harold Pick, appeals from the entry of summary judgment (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005) in favor of defendant, Associated Indemnity Corporation. We will consider the following two issues: (1) whether plaintiff's action against defendant was barred by the limitation period in his insurance policy; and (2) whether it was proper to grant summary judgment on the issue of plaintiff's compliance with certain policy provisions. For the following reasons, we reverse and remand.

On August 30, 1985, plaintiff filed a two-count complaint and alleged that defendant issued a homeowner's insurance policy to plaintiff and his wife, Dolores Pick, covering their residence and its contents for the period of December 19, 1981, to December 19, 1982. The policy included coverage for theft and disappearance of personal property in the residence. The insured property included jewelry and art pieces.

On December 6, 1982, plaintiff discovered that some of the insured personal property was either missing or stolen. Plaintiff immediately contacted the local police and his insurance agent. On March 2, 1983, plaintiff submitted to defendant a sworn·statement in proof of loss claiming $282,472 as a result of "thefts [or] mysterious disappearance." Plaintiff submitted a revised proof of loss on December

27, 1983, reducing the claim to $253,362. Attached to both proofs of loss were lists of the items missing with their description and replacement value. On September 10, 1984, defendant denied plaintiff's claim.

Plaintiff alleged that his estranged wife "precluded" herself from the claim and that any recovery under the policy should be plaintiff's alone. Plaintiff and his wife were in the midst of divorce proceedings at this time. Plaintiff alleged that he complied with all the terms and conditions of the policy and sought judgment in the amount of $253,362.

In count II of the complaint, plaintiff alleged that because defendant's conduct was willful and wanton, plaintiff was entitled to punitive damages and attorney fees.

The insurance policy issued by defendant was attached to plaintiff's complaint and contained a provision limiting the time to bring suit against the insurance company to one year.

Defendant filed an answer denying the material allegations of the complaint and asserted three affirmative defenses alleging that plaintiff did not comply with certain provisions in the insurance policy. First, the policy required the insured to prepare an inventory of the personal property involved and attach bills, receipts, and related documents. Also, the insured was required to provide requested records and documents for photocopying. Second, the insured was required to submit to an examination under oath. And third, an action could only be brought against the insurance company if the insured complied with the policy provisions and the action was started within one year after the loss.

Defendant moved for summary judgment based on plaintiff's failure to comply with the policy provisions. Attached to the motion was a letter dated April 6, 1983, from defendant to plaintiff requesting certain documents relating to the loss, including (1) personal Federal and State income tax returns from 1978 through 1982, (2) personal financial statements from 1980 through 1982, (3) receipts, cancelled checks, and related documents involving the property, (4) property settlement agreements from previous divorces, (5) photographs, films, and videotapes of the scene of the occurrence or the property involved, and (6) a list of prior insurance claims and related documents from 1967 to date.

In response to the motion, plaintiff filed his own affidavit and stated the following facts. Plaintiff was in the business of auctioneering and appraising fine art, and he acquired numerous objects of art and paintings which were stored in his basement. On December

6, 1982, he discovered the property was missing. He filed a proof of loss on March 2, 1983, which he revised on December 27, 1983. Plaintiff stated that many of the documents requested by defendant did not exist or if they did, they "were not capable of being produced because of the *** divorce proceedings." There were no receipts or vouchers for the personal property which was the subject of the claim. His claim was denied on November 1, 1983, because he failed to produce documents and attend an examination under oath. Subsequently, defendant withdrew the denial of the claim. Due to "conflicting schedules," plaintiff was not examined under oath until January 4, 1984, but the examination had to be adjourned about 1½ hours because his attorney had a time conflict. On September 10, 1984, his claim was denied a second time. Plaintiff stated defendant's attorney told him that the claim would be reinstated when plaintiff's divorce proceedings were resolved. In February of 1985, plaintiff told defendant's attorney that his divorce proceedings were in "hiatus" and he would be available for an examination under oath. On March 8, 1985, defendant reaffirmed the denial of plaintiff's claim.

Attached to defendant's reply in support of its motion for summary judgment were numerous letters between defendant's attorney and plaintiff's attorney and the affidavit of John S.J. Kearney, who was senior property claims supervisor for defendant.

In his affidavit, Kearney stated that on April 6, 1983, defendant notified plaintiff to produce certain documents and submit to an examination under oath. Plaintiff did not comply, and defendant allowed "numerous requested extensions." Because plaintiff still did not comply, defendant denied his claim on November 1, 1983. Subsequently, the parties reached an agreement that plaintiff would produce all requested documents and submit to an examination under oath. Defendant withdrew the denial of plaintiff's claim. Plaintiff did not produce many of the documents requested, including tax returns, financial statements, and records of prior insurance claims. On January 4, 1984, plaintiff was examined under oath, but after 1½ hours, the examination was concluded due to a time conflict with plaintiff's attorney. The examination was rescheduled numerous times but was cancelled each time by plaintiff or his attorney. Plaintiff signed an authorization for defendant to obtain records relating to only one of plaintiff's three prior insurance claims. Defendant continued in its demand for documents from plaintiff. Kearney stated that defendant denied plaintiff's claim again on September 10, 1984, for plaintiff's failure to produce documents and to submit to an examination under oath.

In ruling on defendant's motion for summary judgment, the trial judge applied section 143.1 of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.1) and found that plaintiff's suit was barred by the limitation period in the policy. Also, the judge found that the evidence submitted overwhelmingly established plaintiff did not comply with the policy provisions requiring plaintiff to produce documents and attend an examination under oath. Summary judgment was granted in defendant's favor.

Plaintiff filed a motion to vacate the summary judgment, arguing for the first time that section 143.1 was inapplicable to the policy and that defendant's conduct waived the policy limitation period. The motion to vacate was denied and plaintiff now appeals.

OPINION

■ Summary judgment should be granted if the pleadings, depositions, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).

·I

The trial judge granted defendant's motion for summary judgment based in part on his finding that plaintiff's suit was barred by the one-year limitation period in the policy. In so ruling, the judge applied section 143.1 (Ill. Rev. Stat. 1985, ch. 73, par. 755.1), which provides that when an insurance policy limits the period within which the insured may file suit, that period is tolled from the date the proof of loss was filed until the date the claim was denied. The trial court found that even with the benefit of the tolled period, plaintiff's claim was barred. On review of the entry of summary judgment, we must consider whether section 143.1 was applicable to plaintiff's policy when the section did not become effective until after plaintiff's policy was issued.

■ When an insurance policy is issued, applicable statute provisions in effect at the time are treated as part of the policy. (*Weisberg v. Royal Insurance Co.* (1984), 124 Ill. App. 3d 864, 464 N.E.2d 1170.) In *Weisberg*, defendant issued a homeowner's insurance policy to plaintiffs on March 4, 1981, which provided that the insured must bring suit within one year of any occurrence. Plaintiffs filed suit against defendant more than one year after a theft occurred. The trial judge granted defendant's motion to dismiss the action, finding that section 143.1 was inapplicable, and therefore, plaintiffs' suit was barred for failure to file suit within the one-year limitation period. On

appeal, this court affirmed and found that section 143.1 could not be applied retroactively to a policy issued prior to January 1, 1982, the effective date of section 143.1.

Similarly, in the present case, plaintiff's insurance policy was issued on December 19, 1981, and contained a provision limiting the period of time within which to bring suit to one year. At the time the policy was issued, section 143.1 was not yet in effect, and therefore, the trial court erred when it applied the section to plaintiff's policy. Accordingly, plaintiff was required to file suit within one year of the loss.

In an attempt to defeat summary judgment, plaintiff argues that although he did not file suit within one year, a question of fact was raised as to whether defendant's conduct amounted to a waiver of the limitation provision.

■ When an insured's complaint establishes a breach of a policy condition, he cannot rely on an argument that the policy condition was waived unless waiver was pled in his complaint. (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223.) In the present case, plaintiff's complaint with the attached insurance policy established he failed to file suit within the limitation period but he did not allege defendant waived the requirement. Here, however, as in *Florsheim*, defendant has not objected at any time to plaintiff's failure to plead the waiver issue in his complaint, and therefore, it has waived any objection.

Instead, defendant argues that this issue should not be considered on review because plaintiff did not raise the issue prior to the entry of summary judgment. Plaintiff raised the issue in his motion to vacate summary judgment. However, the facts supporting plaintiff's claim of waiver were presented in both plaintiff's and defendant's affidavits which were filed prior to summary judgment, and for this reason, we will consider the issue.

■ Reasonable limitation periods in an insurance policy are enforceable unless the insurer waived the right to assert the defense. (*Florsheim*, 75 Ill. App. 3d 298, 393 N.E.2d 1223.) Waiver is the "intentional relinquishment of a known right" and is established by words or conduct inconsistent with an insurer's right to rely on policy requirements. (*Florsheim*, 75 Ill. App. 3d at 304, 393 N.E.2d at 1229.) Whether an insurer's conduct waived the limitation provision in the policy is generally a question of fact; however, if there is no factual support for waiver, the issue may be decided on summary judgment. *Florsheim*, 75 Ill. App. 3d 298, 393 N.E.2d 1223.

■ In this case, the evidence presented for the summary judg-

ment motion established that the occurrence was discovered on December 6, 1982, and according to the limitation provision in the policy, plaintiff was required to file suit on or before December 6, 1983. Plaintiff did not file suit within that time period. Defendant conducted an examination under oath of plaintiff on January 4, 1984, which was one month after the limitation period expired. Also after the period expired, defendant's counsel continued in his request for documents from plaintiff and sought a continued date for the examination under oath. Subsequently, defendant denied plaintiff's claim on September 10, 1984, and March 8, 1985. These actions raise a question of fact as to whether defendant waived its right to assert the limitation period, and therefore, summary judgment was improperly granted.

## II

■ Next, we must address whether the trial court properly granted summary judgment in defendant's favor when it found the evidence presented established that plaintiff did not comply with the policy provisions.

In the event of a loss, the policy required plaintiff to supply defendant with certain documents and to submit to an examination under oath. Defendant requested from plaintiff numerous documents, including personal income tax returns, personal financial statements, receipts for the insured property, property settlement agreements from previous divorces, photographs of the scene of the occurrence or the property involved, and a list of prior insurance claims.

In response, plaintiff produced appraisals which defendant claims were previously submitted with his application for insurance, the docket number of a previous divorce case to obtain the property settlement agreement, photographs of the property, an authorization to obtain documents relating to one insurance claim, his homeowner's insurance policy, copies of correspondence between plaintiff and defendant relating to the claim, and the sheriff's report of the theft. Plaintiff also submitted two proofs of loss, and he was eventually examined under oath for 1½ hours.

Whether the insured substantially complied with the provisions of the policy is a question of fact precluding summary judgment. (*Piro v. Pekin Insurance Co.* (1987), 162 Ill. App. 3d 225, 514 N.E.2d 1231.) In *Piro*, plaintiffs, Piro and a corporation, filed an action to recover under their fire insurance policy when their business was destroyed by fire. The policy allowed the insurance company to examine and audit an insured's books and records relating to the insured property and allowed the company to examine the insured under oath. Defend-

ant inspected plaintiffs' financial records, and Piro submitted to an examination under oath. Plaintiffs did not produce certain documents, such as Piro's personal income tax returns and a contract for the sale of the business. Piro also refused to answer certain questions at the examination. Defendant denied plaintiffs' claim. Plaintiffs filed suit, and defendant moved for summary judgment arguing that plaintiffs did not comply with the policy provisions. In response, plaintiffs filed documents that they contended contained the requested information. The trial judge granted summary judgment for defendant. On appeal, the court noted that in an action to recover under an insurance policy, an insured's refusal to produce documents as required under the policy can support summary judgment for the insurance company, citing *Horton v. Allstate Insurance Co.* (1984), 125 Ill. App. 3d 1034, 467 N.E.2d 284. However, the court noted that plaintiffs were generally cooperative and held that whether plaintiffs substantially complied with the policy is a question of fact.

In the present case, defendant argues *Piro* is inapplicable and relies on *Horton* (125 Ill. App. 3d 1034, 467 N.E.2d 284), for its argument that summary judgment was properly granted. In *Horton*, plaintiff had a fire insurance policy on his home with defendant. The policy required that in the event of a claim, the insured must submit detailed proof of loss statements as well as certain other additional documentation relevant to the claim. As a condition precedent to filing suit, the insured must have complied with the terms of the policy. After a fire occurred, plaintiff submitted a proof of loss which defendant rejected. Defendant requested a more detailed proof of loss and other documentation. Plaintiff "made no attempt to comply" but rather, immediately filed suit against defendant. (*Horton*, 125 Ill. App. 3d at 1035, 467 N.E.2d at 284.) The trial judge granted defendant's motion for summary judgment. On appeal, the court noted that the policy required plaintiff to produce certain documents as a condition precedent to filing suit against defendant. Summary judgment was affirmed because plaintiff forfeited his right to sue defendant when he made no attempt to produce those documents.

The situation presented in *Horton* can be distinguished from the case at bar. In *Horton*, plaintiff failed to resubmit a proof of loss and failed to produce any documents requested. With no attempt at compliance, the appellate court found that the matter could be resolved on summary judgment. Here, plaintiff has arguably made some attempt to comply with the policy. Although plaintiff may not have been as cooperative as the insured in *Piro*, he did produce certain documents and eventually appeared for an examination under oath, al-

though it was not completed. These facts show plaintiff made some attempt to comply with the policy provisions, which is similar to the situation presented in *Piro*. Whether plaintiff's actions amounted to substantial compliance with the policy is a question of fact, and therefore, summary judgment in defendant's favor was improper.

Reversed and remanded.

MURRAY, P.J., and PINCHAM, J., concur.