FIFTH DIVISION
November 12, 2010

No. 1-09-3379

| | | |
|---|---|---|
| JONATHAN H. PISER, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Cook County, |
| v. | ) | |
| | ) | 08 L 9784 |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | The Honorable |
| | ) | Lynn M. Egan, |
| Defendant-Appellee, | ) | Judge Presiding. |
| | ) | |

JUSTICE TOOMIN delivered the opinion of the court:

In this appeal, we determine whether breach of an insurance cooperation clause is a valid defense constituting "other affirmative matter" barring a claim pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2008)). We also consider whether defendant complied with foundational and evidentiary requirements for supporting affidavits, and whether plaintiff's failure to respond with a counteraffidavit entitles defendant to dismissal as a matter of law.

Plaintiff, Jonathan H. Piser, brought claims against his insurer, State Farm Mutual Automobile Insurance Company (State Farm), for breach of contract and vexatious and unreasonable delay pursuant to section 155 of the Insurance Code (215 ILCS 5/155 (West 2006)). State Farm moved to dismiss pursuant to section 2-619(a)(9) based on its policy's cooperation clause, relying on its adjustor's affidavit and materials attached thereto requesting production of documentation to which plaintiff never responded. The circuit court granted the motion. For the following reasons, we affirm.

BACKGROUND

Plaintiff insured his 2003 Harley Davidson with defendant, State Farm. Piser had purchased his motorcycle in 2003 and had it customized at a cost of more than $60,000. Plaintiff claimed his vehicle was stolen on September 23, 2006. He filed a police report and notified State Farm of the loss. State Farm's claim representative, Ronald Gottardo, investigated the claim, which included an unsworn interview of plaintiff that encompassed approximately three hours. Gottardo also requested plaintiff to execute a financial authorization to enable State Farm to obtain a copy of plaintiff's credit report, a routine procedure employed to determine whether the insured has a financial motive to file a false claim. Gottardo followed up with a second request in writing on October 26, 2006. Plaintiff did not comply, and State Farm was unable to obtain the credit report. Pursuant to its policy provisions, State Farm also requested that plaintiff appear for an examination under oath by a State Farm attorney. Although several notices were directed to plaintiff, he failed to respond to the request.

State Farm further requested documentation regarding plaintiff's financial status, including his income tax returns for the previous three years, a list of all credit and charge account, loans, and personal and business bank account statements for the year leading up to the date of the loss (September 2005 through September 2006). Three letters were sent by State Farm requesting these materials, and Gottardo also requested that plaintiff provide the documentation before and after his interview with him. Despite these requests, the materials were never received. In turn, State Farm denied plaintiff's claim.

Plaintiff filed the instant cause of action for breach of contract on September 3, 2008. In

2

response, State Farm moved to dismiss pursuant to sections 2-615 and 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2008)). The section 2-615 motion was based on "commingled relief," whereas the section 2-619 motion was based on plaintiff's failure to cooperate. The court denied State Farm's section 2-619 motion and granted the section 2-615 motion without prejudice.

Plaintiff amended his complaint to add a count for vexatious and unreasonable delay in refusing to pay the claim, pursuant to section 155 of the Insurance Code (215 ILCS 5/155 (West 2006)), in addition to a count for breach of contract. State Farm again filed a motion to dismiss pursuant to section 2-619, alleging plaintiff's failure to cooperate barred his claim. State Farm asserted that under its policy, plaintiff was required to cooperate and provide requested documentation. The circuit court granted the motion and dismissed the amended complaint with prejudice. Plaintiff timely appealed.

ANALYSIS

Plaintiff contends that the circuit court erred in granting State Farm's motion to dismiss because breach of its policy's cooperation clause is not a defense constituting "other affirmative matter" necessary to defeat plaintiff's claim pursuant to section 2-619(a)(9) (735 ILCS 5/2-619(a)(9) (West 2008)). According to plaintiff, the section 2-619 motion merely constituted an attempt to negate the allegations in plaintiff's complaint with arguments and evidence presenting State Farm's version of the facts. Plaintiff maintains that the court made a premature factual determination and improperly weighed State Farm's materials in dismissing his complaint pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure. 735 ILCS 5/2-619(a)(9) (West

3

1-09-3379

2008).

"A section 2-619 motion admits as true all well-pleaded facts, along with reasonable inferences that can be gleaned from those facts." *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352, 882 N.E.2d 583, 588 (2008). The motion admits the legal sufficiency of the plaintiff's complaint but asserts affirmative defenses or other matter that avoids or defeats the plaintiff's claim. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59, 857 N.E.2d 229, 236 (2006). "The phrase 'affirmative matter' encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115, 619 N.E.2d 732, 735 (1993). An " '[a]ffirmative matter' is something in the nature of a defense that completely negates the cause of action or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *Golden v. Mullen*, 295 Ill. App. 3d 865, 869, 693 N.E.2d 385, 389 (1997), citing *Fancher v. Central Illinois Public Service Co.*, 279 Ill. App. 3d 530, 534, 664 N.E.2d 692, 695 (1996). "The trial court must construe the motion and supporting documents in the light most favorable to the nonmovant." *Tolan & Son, Inc. v. KLLM Architects, Inc.*, 308 Ill. App. 3d 18, 24, 719 N.E.2d 288, 293 (1999). We review the trial court's rulings on section 2-619 motions *de novo*. *DeLuna*, 223 Ill. 2d at 59, 857 N.E.2d at 236.[1]

---

[1] We previously filed a Rule 23 order (166 Ill. 2d R. 23) but, subsequent to State Farm's motion to publish, withdrew our order and filed this opinion to clarify Illinois law regarding the scope of an insured's duty to cooperate in the context of insurance coverage. Additionally, we endeavor to provide guidance on foundational and evidentiary requirements for supporting

4

In addressing plaintiff's first argument we abide by long-standing Illinois precedent that an insured's failure to cooperate is indeed a valid defense, and thus can be set forth as other affirmative matter barring a claim. " With regard to cooperation clauses, the Illinois Supreme Court has noted that '[a]ny condition in the policy requiring cooperation on the part of the insured is one of great importance [citation], and its purpose should be observed [citation].' " *Employers Reinsurance Corp. v. E. Miller Insurance Agency, Inc.*, 332 Ill. App. 3d 326, 337-38, 773 N.E.2d 707, 715-16 (2002), quoting *Waste Management, Inc. v. International Surplus Lines Insurance Co.*, 144 Ill. 2d 178, 191-92, 579 N.E.2d 322, 327 (1991).[2] "Typically the insurer has little or no knowledge of the facts surrounding a claimed loss, while the insured has exclusive knowledge of such facts. The insurer is, therefore, dependent on its insured for fair and complete

affidavits and the consequences of failure to file counteraffidavits in section 2-619 motion practice.

[2] We note that cooperation clauses have been enforced even in situations where a party has invoked the attorney/client privilege (*Waste Management, Inc.*, 144 Ill. 2d at 192-93, 579 N.E.2d at 328 (held that, in light of the broad unqualified duty of cooperation, the insureds were required to disclose contents of any communications they had with defense counsel representing them on a claim for which insurers had the ultimate duty to satisfy)), and where a party argued his noncooperation was protected by the fifth amendment right to remain silent (*American Country Insurance Co. v. Bruhn*, 289 Ill. App. 3d 241, 249, 682 N.E.2d 366, 371-72 (1997) (held the criminal right to remain silent about his crime did not excuse his failure to cooperate and communicate with the insurer)).

disclosure; hence, the duty to cooperate." *Waste Management, Inc.*, 144 Ill. 2d at 204, 579 N.E.2d at 333. The cooperation clause obligates the insured to "disclose all of the facts within his knowledge and otherwise to aid the insurer in its determination of coverage under the policy." *Waste Management, Inc.*, 144 Ill. 2d at 204, 579 N.E.2d at 333. See also *Jordan v. Standard Mutual Insurance Co.*, 50 Ill. App. 2d 12, 18, 199 N.E.2d 423, 427 (1964). The insurer is entitled "to gain as much knowledge and information as may aid it in its investigation, or as may otherwise be significant to the insurer in determining its liability under the policy and in protecting against fraudulent claims." *Waste Management, Inc.*, 144 Ill. 2d at 204, 579 N.E.2d at 333.

We likewise determine that the affidavit and supporting materials submitted by State Farm in support of the motion to dismiss did not simply constitute a denial of plaintiff's allegations; rather, they raised additional affirmative matter barring his claim – breach of the cooperation clause. Plaintiff's citation to *Consumer Electric Co. v. Cobelcomex, Inc.*, 149 Ill. App. 3d 699, 703, 501 N.E.2d 156, 159 (1986), for the proposition that "where the affirmative matter is merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint, section 2-619(a)(9) should not be used" is of no avail. Although plaintiff generally pled in his amended complaint that he "satisfied all of his obligations under the insurance policy," State Farm raised the affirmative matter of plaintiff's breach of the cooperation clause in its policy. "While a section 2-619 motion admits all well-pled facts, it does not admit conclusions of law." *Klopfer v. Court of Claims*, 286 Ill. App. 3d 499, 508, 676 N.E.2d 679, 686 (1997).

Further, "the very principles of law which govern contracts generally apply with equal force to contracts of insurance." *Waste Management, Inc.*, 144 Ill. 2d at 191, 579 N.E.2d at 327,

6

citing *Zitnik v. Burik*, 395 Ill. 182, 186, 69 N.E.2d 888, 890 (1946). The scope of the duties imposed upon an insurer and its insured is defined and controlled by the terms of the insurance contract. *Waste Management, Inc.*, 144 Ill. 2d at 191, 579 N.E.2d at 327.

The duty to cooperate clause in the policy at issue here provides the following:

"a. The insured shall cooperate with us and, when asked assist us in:

(1) making settlements;

(2) securing and giving evidence;

(3) attending, and getting witnesses to attend, hearings and trials."

State Farm's policy further required that the insured "provide all records, receipts and invoices," "answer questions under oath when asked by anyone we name, as often as we reasonably ask," and "cooperate with us and, when asked, assist us in *** securing and giving evidence." Thus, the material sought by State Farm was clearly encompassed within its policy's conditions and terms. Further, under the policy, plaintiff does not have the right to bring a cause of action until all policy terms are met. The policy clearly states: "There is no right of action against us *** until all the terms of this policy have been met ***." "[W]here the provisions of the policy are clear and unambiguous, it is the duty of the court to enforce them according to their plain meaning." *Waste Management, Inc.*, 144 Ill. 2d at 191-92, 579 N.E.2d at 327, citing *Thornton v. Illinois Founders Insurance Co.*, 84 Ill. 2d 365, 371, 418 N.E.2d 744, 747 (1981).

Nonetheless, it is well settled that "unless the alleged breach of the cooperation clause substantially prejudices the insurer in defending the primary action, it is not a defense under the contract. This is the test to be employed in our courts in cases where the issue is a breach of the

cooperation clause." *M.F.A. Mutual Insurance Co. v. Cheek*, 66 Ill. 2d 492, 499-500, 363 N.E.2d 809, 813 (1977). Proof of substantial prejudice requires an insurer to demonstrate that it was actually hampered in its defense by the violation of the cooperation clause. *Cheek*, 66 Ill. 2d at 500, 363 N.E.2d at 813; *State Farm Mutual Automobile Insurance Co. v. McSpadden*, 88 Ill. App. 3d 1135, 1138, 411 N.E.2d 121, 123 (1980).

Plaintiff maintains that the trial court improperly considered State Farm's assertion of prejudice in granting State Farm's motion to dismiss and, at the very least, this is a factual issue. Plaintiff argues that whether any of the documents sought by State Farm are relevant and whether State Farm was prejudiced requires discovery. An insured's compliance with an insurer's request made pursuant to a cooperation clause, is a condition precedent to recovery under a policy, and the insured's noncompliance bars its claim. See *Horton v. Allstate Insurance Co.*, 125 Ill. App. 3d 1034, 1036-37, 467 N.E.2d 284, 285 (1984). The question whether an insured has breached a cooperation clause in a policy has generally been held to be a question of fact. See *State Farm Fire & Casualty Co. v. First National Bank & Trust Co. of Pekin*, 2 Ill. App. 3d 768, 772, 277 N.E.2d 536, 539 (1972). However, where an insured "make[s] virtually no effort to produce relevant information and the insurer relies on a cooperation clause to deny coverage," the insurer is entitled to judgment. *Hartshorn v. State Farm Insurance Co.*, 361 Ill. App. 3d 731, 734, 838 N.E.2d 211, 214 (2005), citing *Horton*, 125 Ill. App. 3d at 1037-38, 467 N.E.2d at 286.

Plaintiff's efforts to cooperate here were negligible. State Farm's affidavit and exhibits set forth the following instances of plaintiff's failure to cooperate: (1) plaintiff failed to sign a financial authorization allowing State Farm to check his credit; (2) plaintiff failed to submit to an

examination under oath; and (3) plaintiff failed to provide all the requested tax returns, bank records, and other financial documentation. Although plaintiff claims he submitted some unspecified financial documentation, he did not comply with repeated requests by State Farm for documentation regarding his financial status for the year of the loss, notwithstanding State Farm's correspondence expressly stating it would deny plaintiff's claim if the documents were not received. Thus, we find the evidence marshaled by State Farm manifestly satisfied the test established by our supreme court in *Cheek*. State Farm's showing of prejudice clearly set forth a defense barring plaintiff's claim.

In his second argument plaintiff contends that State Farm's materials attached to its motion to dismiss and Gottardo's affidavit lacked evidentiary foundation. State Farm, however, maintains: (1) the court could consider the affidavit of its claim representative, Ronald Gottardo, and all of the incorporated materials based on Gottardo's personal knowledge and the business exception to the hearsay rule; and (2) plaintiff failed to rebut Gottardo's affidavit, thereby fatally admitting the facts therein. We agree with State Farm. Plaintiff's failure to file a counteraffidavit admitted the facts set forth by State Farm, including the fact that State Farm was prejudiced by plaintiff's failure to cooperate, thereby establishing a complete defense barring plaintiff's claim.

First, plaintiff argues that State Farm failed to lay a proper foundation for the admission of the materials attached to Gottardo's affidavit, including the letters from State Farm's attorney requesting documentation, and that Gottardo's averment that the attorney was authorized to issue the demand letters lacked foundation. Plaintiff further argues that Gottardo's averments that a sworn statement is qualitatively different from an unsworn recorded statement and that plaintiff's

claim was denied because he failed to cooperate lacked foundation as improper opinion testimony.

As a threshold matter, we recognize that basic rules of evidence require that a party must lay the proper foundation for the introduction of a document into evidence. *Financial Freedom v. Kirgis*, 377 Ill. App. 3d 107, 134, 877 N.E.2d 24, 47 (2007), citing *Gardner v. Navistar International Transportation Corp.*, 213 Ill. App. 3d 242, 247, 571 N.E.2d 1107, 1110 (1991). To properly authenticate a document, a party must present evidence which demonstrates that the document is what the party claims it to be. *Kirgis*, 377 Ill. App. 3d at 134, 877 N.E.2d at 47, citing *Gardner*, 213 Ill. App. 3d at 247-48, 571 N.E.2d at 1110. Authentication can be made by either direct or circumstantial evidence. *CCP Ltd. Partnership v. First Source Financial, Inc.*, 368 Ill. App. 3d 476, 484, 856 N.E.2d 492, 498 (2006), citing *People v. Downin*, 357 Ill. App. 3d 193, 203, 828 N.E.2d 341, 350 (2005). Routinely, the proponent establishes the identity of the document "through the testimony of a witness who has sufficient personal knowledge to satisfy the trial court that a particular item is, in fact, what its proponent claims it to be." *Kimble v. Earle M. Jorgenson Co.*, 358 Ill. App. 3d 400, 415, 830 N.E.2d 814, 828 (2005).

If the "affirmative matter" asserted is not apparent on the face of the complaint, a section 2-619 motion must be supported by affidavit. *Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 116, 619 N.E.2d at 735. Moreover, an affidavit may provide the authentication needed to make a document admissible. *CCP Ltd. Partnership v. First Source Financial, Inc.*, 368 Ill. App. 3d at 484, 856 N.E.2d at 498-99, citing *North American Old Roman Catholic Church v. Bernadette*, 253 Ill. App. 3d 278, 286, 627 N.E.2d 1094, 1099 (1992). Affidavits in support of motions under section 2-619 are controlled by Supreme Court Rule 191 (210 Ill. 2d R. 191).

1-09-3379

*Elliott v. LRSL Enterprises, Inc.*, 226 Ill. App. 3d 724, 732, 589 N.E.2d 1074, 1079 (1992).

Supreme Court Rule 191 provides the following:

> "Affidavits submitted in connection with a motion for involuntary dismissal under section 2-619 of the Code of Civil Procedure *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used." 210 Ill. 2d R. 191(a).

" '[I]f, from the document as a whole, it appears that the affidavit is based upon the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents at trial, Rule 191 is satisfied.' " *Doria v. Village of Downers Grove*, 397 Ill. App. 3d 752, 756, 921 N.E.2d 478, 481 (2009), quoting *Kugler v. Southmark Realty Partners III*, 309 Ill. App. 3d 790, 795, 723 N.E.2d 710, 714 (1999). *Prima facie* authorship of a document may include a showing that the writing contains knowledge of a matter sufficiently obscure so as to be known to only a small group of individuals. *Downin*, 357 Ill. App. 3d at 203, 828 N.E.2d at 350, citing *People v. Munoz*, 70 Ill. App. 3d 76, 87-88, 388 N.E.2d 133, 141 (1979). It is the function of a trial court to determine the admissibility of evidence, and its rulings will not be disturbed absent an abuse of discretion. *Independent Trust Corp. v. Hurwick*, 351 Ill. App. 3d 941, 952, 814 N.E.2d 895, 905 (2004).

11

Here, Gottardo's affidavit established his personal knowledge of State Farm's correspondence with plaintiff, including its attorney's requests, as Gottardo attested he was the authorized representative for the claim, personally interviewed plaintiff, and had "personal knowledge of this matter as a result of [his] own investigation of the claim." See *U.S. Bank National Ass'n v. Sauer*, 392 Ill. App. 3d 942, 947, 913 N.E.2d 70, 73-74 (2009), *appeal denied*, 234 Ill. 2d 554, 920 N.E.2d 1082 (2009) (affidavit in mortgage foreclosure action was based on the personal knowledge of the affiant; affiant stated that she was servicing agent for lender, was assigned to manage the loan, and had firsthand knowledge of the transaction); *Allerion, Inc. v. Nueva Icacos*, 283 Ill. App. 3d 40, 46, 669 N.E.2d 1158, 1163 (1996), *appeal denied*, 169 Ill. 2d 563, 675 N.E.2d 631 (1996) (affidavits submitted by plaintiff in support of personal jurisdiction, which showed that each of the affiants was employed by plaintiff and that each had been closely involved in disputed contract, were sufficient to allow trial court to infer that affiants possessed personal knowledge and could competently testify to facts alleged in their affidavits, and thus complied with Supreme Court Rule 191). Thus, Gottardo laid the proper foundation in his affidavit based on his personal knowledge.

State Farm also asserted in its motion to dismiss that the court could consider Gottardo's affidavit and the incorporated materials based on the business exception to the hearsay rule. The trial court has discretion in deciding whether statements are, in fact, hearsay and, if so, whether they nonetheless are admissible under an exception to the hearsay rule. *People v. Hammonds*, 399 Ill. App. 3d 927, 941, 927 N.E.2d 649, 662 (2010), citing *People v. Dunmore*, 389 Ill. App. 3d 1095, 1106, 906 N.E.2d 1233, 1244 (2009). We do not have the benefit of a transcript of the

report of proceedings below, and it is not clear from the summary order in the record which argument the circuit court accepted, or if it found the documents admissible on some alternate grounds. Further, plaintiff's objection to the materials, both in the proceedings below as well as before us, is based on a lack of foundation generally and is not specifically bottomed on hearsay. A party is required to make specific objections to evidence, based on particular grounds, and the failure to do so results in a waiver of objections as to all other grounds not specified or relied on. *Barreto v. City of Waukegan*, 133 Ill. App. 3d 119, 130, 478 N.E.2d 581, 589 (1985). However, any forfeiture of the issue is a limitation on the parties and not this court. *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 514, 639 N.E.2d 1273, 1276 (1994). Further, our review is *de novo* (*DeLuna*, 223 Ill. 2d at 59, 857 N.E.2d at 236), and we may affirm the judgment of the circuit court on any basis in the record (*Liberty Mutual Insurance Co. v. American Home Assurance Co.*, 368 Ill. App. 3d 948, 955, 858 N.E.2d 530, 536 (2006)).

We determine that the documentation incorporated in Gottardo's affidavit is not hearsay, as the materials were not offered for the truth of the matter asserted therein, but rather to show that plaintiff had notice that State Farm was requesting documents and invoking the policy's cooperation clause. " 'Hearsay evidence, an out-of-court statement offered to prove the truth of the matter asserted, is generally inadmissible unless an exception applies.' [Citation.]" *People v. Shaw*, 386 Ill. App. 3d 704, 709, 898 N.E.2d 755, 761 (2008). Where an out-of-court statement is offered for some purpose other than to establish the truth of the matter asserted, the statement is not hearsay and is admissible. *People v. Shoultz*, 289 Ill. App. 3d 392, 395, 682 N.E.2d 446, 449 (1997), citing *People v. Albanese*, 102 Ill. 2d 54, 70, 464 N.E.2d 206, 214 (1984). "A

statement that is offered to prove that a listener had notice of the information contained therein, rather than to prove the truth of the matter asserted, is not hearsay." *Shoultz*, 289 Ill. App. 3d at 395-96, 682 N.E.2d at 449, citing *Kochan v. Owens-Corning Fiberglass Corp.*, 242 Ill. App. 3d 781, 806, 610 N.E.2d 683, 699 (1993). " 'The fact that the statement was made is relevant for its effect on the listener without regard to the truth of the matter asserted.' " *Shoultz*, 289 Ill. App. 3d at 396, 682 N.E.2d at 449, quoting M. Graham, Cleary & Graham's Handbook of Illinois Evidence §801.5, at 648 (6th ed. 1994).

Here, the letters sent by Peter Alfieri, State Farm's attorney, on December 22, 2006, January 10, 2007, and January 24, 2007, were admissible to show that plaintiff had notice that State Farm was seeking documentation pursuant to its cooperation clause in plaintiff's policy. Further, the letters of January 10, 2007, and January 24, 2007, show that plaintiff had notice that refusal to cooperate and furnish the requested information would result in a denial of liability for the loss. Thus, the letters show that plaintiff in fact had notice he was not in compliance with the policy terms and did not fulfill the policy conditions required to maintain a cause of action against State Farm. As such, the exhibits referenced and incorporated in Gottardo's affidavit are not hearsay, and were admissible in deciding the motion to dismiss.

Even assuming *arguendo* the exhibits were hearsay, they would nonetheless qualify for admission into evidence under the business records exception. Supreme Court Rule 236 provides, in pertinent part:

> "Any writing or record, whether in the form of any entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be

admissible as evidence of the act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but shall not affect its admissibility." 145 Ill. 2d R. 236(a).

For the admission of a business record, only proof that the records were made in the regular course of business and that it was in the regular course of business to prepare such records is necessary. *Hurwick*, 351 Ill. App. 3d at 950, 814 N.E.2d at 903. In addition to the above recited facts in his affidavit, Gottardo further attested that as a State Farm adjuster, he

"authorize[d] legal counsel to issue examination under oath demand letters on behalf of State Farm in the regular course of [his] duties as a State Farm claims representative, and true and correct copies of the demand letters [were] incorporated into the State Farm claim file in the ordinary course of the adjustment of claims. True and correct copies of the letters are attached to State Farm's Motion to Dismiss."

Thus, even if one were to treat the materials attached to Gottardo's affidavit as hearsay, Gottardo laid a proper foundation for admission under Supreme Court Rule 236's exception to the hearsay rule. However, we find that the materials incorporated as part of Gottardo's affidavit are nonhearsay, as they were offered to show notice and not for the truth of the matter asserted. Thus, State Farm's motion to dismiss was based on a valid defense and admissible evidence properly setting forth "other affirmative matter" under section 2-619(a)(9).

15

Moreover, though we have determined that under the facts of this case, there is no question of fact that plaintiff failed to cooperate and State Farm was thereby prejudiced, even assuming *arguendo* an issue of fact exists, under well-established statutory procedure for section 2-619 motion practice, plaintiff's failure to properly contest State Farm's affidavit by submitting a counteraffidavit is fatal to his cause of action. The failure to challenge or contradict supporting affidavits filed with a section 2-619 motion results in an admission of the facts stated therein. *Zedella v. Gibson*, 165 Ill. 2d 181, 185, 650 N.E.2d 1000, 1002 (1995). Nor may a plaintiff simply rely on the allegations in his own complaint to refute a section 2-619 affidavit. *Hollingshead v. A.G. Edwards & Sons, Inc.*, 396 Ill. App. 3d 1095, 1101-02, 920 N.E.2d 1254, 1260 (2009). If the defendant satisfies its initial burden of proof on a motion to dismiss based on affirmative matter avoiding the legal effect of a claim, the burden shifts to the plaintiff to show that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. *Callaghan v. Village of Clarendon Hills*, 401 Ill. App. 3d 287, 290-91, 929 N.E.2d 61, 67 (2010). In order to refute evidentiary facts contained in the defendant's supporting affidavits, the plaintiff must provide a counteraffidavit. *Callaghan*, 401 Ill. App. 3d at 291, 929 N.E.2d at 67, citing *Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 116, 619 N.E.2d at 735. If the plaintiff fails to do so, the facts of the defendant's affidavits are deemed admitted. *Callaghan*, 401 Ill. App. 3d at 291, 929 N.E.2d at 67, citing *Zedella*, 165 Ill. 2d at 185, 650 N.E.2d at 1002.

In a last attempt to save his claim, plaintiff argues that State Farm's exhibits actually show he cooperated, thus negating State Farm's affirmative defense, and that State Farm should not be

allowed to rely on plaintiff's failure to submit to a statement under oath because State Farm failed to conduct plaintiff's lengthy interview under oath. We find no merit to either assertion. We fail to follow plaintiff's circular logic in asserting that State Farm was at fault for not making his initial interview under oath. Moreover, Gottardo's affidavit and the numerous letters sent to plaintiff plainly asking for his financial documents, with no counter-affidavit response by plaintiff, clearly establish that plaintiff did not cooperate. Under the policy, plaintiff is thus foreclosed from bringing any action against State Farm for this loss.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

Affirmed.

FITZGERALD SMITH, P.J., with HOWSE, J., concur.

REPORTER OF DECISIONS – ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| Please Use Following Form: | |
|---|---|
| Complete TITLE of Case | JONATHAN H. PISER,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant-Appellee. |
| Docket No.<br><br>COURT<br><br><br>Opinion Filed | 1-09-3379<br>Appellate Court of Illinois<br>First District, FIFTH Division<br><br>November 12, 2010<br>(Give month, day and year) |
| JUSTICES | JUSTICE TOOMIN delivered the opinion of the court:<br><br>FITZGERALD SMITH, P.J., with HOWSE, J.,      concur [s]<br><br>     dissent[s] |
| APPEAL from the Circuit Ct. of Cook County, Chancery Div. | Lower Court and Trial Judge(s) in form indicated in the margin:<br><br>The Honorable    Lynn M. Egan, Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel)<br><br>Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.<br><br>Plaintiff-Appellant,       Eugene E. Murphy, Jr.<br>John N. Hourihane, Jr.<br>John H. Scheid, Jr.<br>MURPHY & HOURIHANE, L.L.C.<br>77 West Wacker Drive, Suite 4800<br>Chicago, IL 60601<br><br>Defendant-Appellee,       Rick L. Hammond<br>Eric W. Moch<br>Johnson & Bell, Ltd.<br>33 West Monroe Street, Suite 2700<br>Chicago, IL 60603 |

1-09-3379