**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190075-U

Order filed February 19, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| MERRIAL C. NABORS a/k/a MERRIAL | ) | |
| NABORS a/k/a MERRIAL C. JOHNSON, | ) | Appeal No. 3-19-0075 |
| a/k/a MERRIAL JOHNSON, UNKNOWN | ) | Circuit No. 14-CH-2622 |
| OWNERS and NON-RECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Merrial C. Nabors, | ) | |
| | ) | Honorable Roger D. Rickmon, |
| Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Carter and McDade concurred in the judgment.

**ORDER**

¶ 1        *Held*: The trial court did not abuse its discretion by confirming a foreclosure sale.

¶ 2        Defendant, Merrial C. Nabors, appeals from an order confirming a foreclosure sale in favor

of plaintiff, Lakeview Loan Servicing, LLC. Defendant contends that the trial court should not

have confirmed the sale because she established that she never had her loss mitigation application properly reviewed by plaintiff. We affirm.

¶ 3                                    I. FACTS

¶ 4        At the outset, we note that defendant did not file a report of the proceedings on appeal. Therefore, our review of the facts is limited to the common law record.

¶ 5        On February 27, 2014, defendant executed a mortgage secured by her home. The mortgage was secured by a promissory note in the amount of $321,077.

¶ 6        On December 5, 2014, plaintiff filed a mortgage foreclosure complaint.[1]

¶ 7        The trial court held several pre-mediation status conferences. After each conference, the court ordered defendant to complete and submit documentation for a loan modification to plaintiff. Mediation terminated after defendant failed to appear. The court referred the matter back to the trial court.

¶ 8        Subsequently, the matter returned to mediation. The written order from the first mediation indicated that defendant met the "Initial Criteria," and the court ordered defendant to submit an application packet to plaintiff within 14 days. The matter was then continued several times. Ultimately, the court entered an order indicating "loan mod denied," and that the parties would discuss "non-retention options."

¶ 9        The cause was then continued several times, until the parties agreed the necessary loan modification criteria were not met. However, the parties agreed to negotiate a consent judgment. At the next hearing, defendant failed to appear, and mediation services terminated. The written order stated, "loan mod denied."

---

[1]For clarity, we note that the promissory note was payable to People's Home Equity, Inc. This entity filed the original foreclosure complaint, but later substituted Lakeview Loan Servicing, LLC, as the plaintiff.

¶ 10    Next, plaintiff filed motions for default and a judgment for foreclosure and sale. The trial court granted an order of default and judgment of foreclosure in favor of plaintiff. Plaintiff then filed a motion for an order approving report of sale and distribution and eviction order.

¶ 11    Defendant filed a response to plaintiff's motion for an order approving report of sale. Defendant's response alleged that she never received a fair opportunity to have her loss mitigation application properly evaluated, despite timely submitting the requested documentation to plaintiff. Therefore, defendant claimed that justice would not otherwise be done if it confirmed the sale of the property before she had an opportunity to have her loss mitigation application fully reviewed. Attached to defendant's response are various correspondence between defendant and plaintiff discussing the submission of her loss mitigation application. Additionally, defendant attached several financial documents she claimed that she submitted to plaintiff to have her application evaluated. Defendant's response did not include an affidavit attesting to the authenticity of the supporting documentation.

¶ 12    Ultimately, the trial court granted plaintiff's motion and entered an order confirming the foreclosure sale.

¶ 13                              II. ANALYSIS

¶ 14    On appeal, defendant contends that the trial court erred in confirming the judicial sale of the property. Defendant argues that the court abused its discretion approving the sale where she was unable to have her loss mitigation application properly reviewed. We review a trial court's approval of a judicial sale for an abuse of discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008)

¶ 15    A trial court must grant a motion to confirm a foreclosure sale, unless the court finds that: (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the

terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale. 735 ILCS 5/15-1508(b) (West 2014). Plaintiff, in this case, filed a properly supported motion to confirm the sale and noticed it for a hearing. As a result, defendant had the burden of proving that grounds exist for the trial court to deny a motion to approve the sale. *Sewickley, LLC v. Chicago Title Land Trust Co.*, 2012 IL App (1st) 112977, ¶ 35. Relevant to this appeal is the fourth basis for denying a motion to approve a foreclosure sale. Specifically, defendant must establish that justice would not otherwise be done if the court confirmed the sale of the property even though she did not have her loss mitigation application properly reviewed. Upon review, we find defendant failed to meet her burden as she did not authenticate her supporting evidence.

¶ 16 Here, defendant's response to plaintiff's motion to confirm the sale contained numerous correspondence between she and plaintiff regarding the loss mitigation application. Defendant also attached various financial records to her motion that she allegedly provided to plaintiff. However, defendant failed to properly authenticate these documents. "To properly authenticate a document, a party must present evidence which demonstrates that the document is what the party claims it to be." See *Piser v. State Farm Mutual Automobile Insurance Co.*, 405 Ill. App. 3d 341, 348-49 (2010). Critically absent from defendant's filings is any affidavit attesting to the authenticity of the supporting documents. In other words, defendant never attested that the documents supporting her argument were true and accurate copies of what she submitted to plaintiff. See *Kimble v. Earle M. Jorgenson Co.*, 358 Ill. App. 3d 400, 415 (2005). As a result, defendant failed to present admissible evidence to support her claim that she never had her loss mitigation application properly reviewed.

¶ 17    Moreover, defendant failed to file a report of the proceedings on appeal. It is the duty of the appellant to provide this court with a sufficiently complete record of the trial court proceedings to support his claim of error. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003). "An issue relating to a circuit court's factual findings and basis for its legal conclusions cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Consequently, when an issue on appeal relates to the conduct of a hearing or proceeding, the absence of a transcript or other record of that proceeding means this court must presume the order entered by the trial court was in conformity with the law and has a sufficient factual basis *Rogers*, 204 Ill. 2d at 319. As noted above, defendant needed to prove that that justice would not otherwise be done if the court approved the sale. Based on this record, we cannot say the trial court abused its discretion in confirming the sale of the property.

¶ 18                                    III. CONCLUSION

¶ 19    For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 20    Affirmed.