BABU PATEL *et al.*, Plaintiffs-Appellants, v. ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 1—89—2505

Opinion filed January 30, 1991.—Rehearing denied April 8, 1991.

Gary S. Tucker, of Chicago, for appellants.

Condon, Cook & Roche, of Chicago (Thomas C. Hofbauer, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiffs Babu Patel and the estate of D.A. Patel appeal from an order of the circuit court granting summary judgment in favor of defendant Allstate Insurance Company (Allstate). Plaintiffs argue that the court erred in finding that plaintiffs' action seeking recovery under a fire insurance policy issued by defendant was barred because of their failure to cooperate with defendant's investigation.

Plaintiffs were the owners of an apartment building located at 641 West Belmont in Chicago. In May 1987, defendant issued an insurance policy covering plaintiffs' building. The policy provided that:

"In the event of a loss to any property that may be covered by this policy, you must:

* * *

d) give us all accounting records, bills, invoices and other vouchers, or certified copies, which we may reasonably request to examine and permit us to make copies.

* * *

f) as often as we reasonably require:

* * *

2) submit to examinations under oath and sign a transcript of the same.

g) at our request, give us a signed sworn proof of loss within 60 days from the date of loss. This statement must include the following information:

* * *

2) the interest you and others have in the property, including any encumbrances;

3) the actual cash value and amount of loss for each item damaged, stolen or destroyed;

4) any other insurance that may cover the loss;

5) any changes in title, use, occupancy or possession of the property that have occurred during the policy period ***."

On January 3, 1988, the building was destroyed by fire. In March 1988, plaintiffs submitted a sworn statement in proof of loss to defendant. The statement claimed a loss of $118,942.80.

In a letter dated April 19, 1988, defendant requested that plaintiffs submit to an examination under oath in accordance with the terms of the policy. Defendant also requested that plaintiffs produce: (1) all personal income tax returns for the years 1986 and 1987; (2) all bank statements or documents relating to any bank accounts in which plaintiffs had an interest during 1986 and 1987; (3) a list of all plaintiffs' personal and business debts and assets as of January 1988; (4) all insurance policies, applications, memoranda, or other documents relating to the building at 641 West Belmont; (5) a list of all the items lost, damaged, or destroyed as a result of the January 1988 fire; (6) all bills, receipts, appraisals, photographs, or other documents relating to the items lost, damaged, or destroyed by the fire; (7) a list of all items for which a prior loss was sustained and a claim made to any insurance company within the previous five years; and (8) all documents relating to the purchase or mortgage of the property.

Subsequently, defendant made a request for additional documents, including all documents relating to building inspections and building code violations; copies of all utility bills for the years 1986 and 1987; and copies of all leases, rent receipts, and other documents relating to the rental of the building.

Babu Patel appeared for an examination under oath on June 3, 1988. Patel stated that he owned the building at 641 West Belmont jointly with his cousin D.A. Patel, who died in February 1988. Patel also stated that he and D.A. Patel were both out of the country at the time of the fire.

When questioned about the documents listed in the April 19 letter, Patel stated that he did not have any of the requested items. Patel stated that his business went into chapter 11 bankruptcy in 1984, that the bankruptcy trustee took possession of all of Patel's documents relating to the purchase and mortgage of the building, and that the documents had not been returned. Patel also stated that in August 1987, management of the building was turned over to the mortgagee, Talman Home Mortgage Corporation.

Patel stated that there were two tenants in the building at the time of the fire, but that neither had a written lease. Patel stated that the tenants paid all utilities with the exception of heating, which was

furnished by the landlord. Patel further stated that some of the heating bills were paid by him and that he might have copies of his checking account statements and cancelled checks. Patel also stated that he did not keep a ledger showing rents collected or expenses paid, that he did not have the books and records for the building, and that he did not know where they were located.

Patel stated that he did not file income tax returns for 1986 or 1987, that he did not have any bills or receipts for personal property destroyed in the fire, and that he did not have a copy of the list prepared by the public adjuster in support of the proof of loss statement. At the close of the examination, Patel gave a list of his debts and assets and disclosed that he had made several previous insurance claims and was involved in a number of lawsuits in connection with other property he owned.

In a letter dated June 6, 1988, defendant requested that Patel produce copies of his 1987 and January 1988 checking account statements; a copy of the list supporting his proof of loss statement; the case number of a lawsuit involving another insurance company; a copy of his passport and airline ticket or other proof that he was out of the country on January 3; his home telephone number and a copy of the lease on his personal residence; a list of all his retail charge accounts, including account numbers; and the case numbers of all the lawsuits discussed during his examination.

A third letter dated July 14, 1988, repeated defendant's April 19 and June 6 requests. In a fourth letter, dated August 15, 1988, defendant stated that plaintiffs' failure to comply with the document production requests by September 1, 1988, would result in rejection of plaintiffs' claim for lack of cooperation. Plaintiffs responded in a letter, dated August 18, 1988, stating that Babu Patel would "cooperate to his fullest and cause to be delivered to you those documents as requested upon his discovery of same."

In a letter dated October 13, 1988, defendant rejected plaintiffs' claim and denied liability under the policy. Defendant stated that its rejection of the claim was based on plaintiffs' lack of an insurable interest in the property, their failure to preserve and protect the property at and after the time of the loss, and their failure to cooperate with defendant's investigation.

Plaintiffs filed this action against defendant alleging that they had fulfilled their obligations under the policy and seeking a judgment in the amount of $130,000. Defendant moved for summary judgment on the ground that plaintiffs' failure to produce the documents and records relevant to defendant's investigation constituted a breach of the

insurance contract and barred plaintiffs' recovery. Following a hearing the trial court ruled that plaintiffs' failure to produce the requested documents precluded their recovery under the policy. This appeal followed.

It is well settled that summary judgment should be granted only when the pleadings, depositions, and affidavits on file show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867; *Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.) Whether an insured has substantially complied with the provisions of an insurance policy is a question of fact precluding summary judgment. *Pick v. Associated Indemnity Corp.* (1989), 191 Ill. App. 3d 121, 547 N.E.2d 555; *Piro v. Pekin Insurance Co.* (1987), 162 Ill. App. 3d 225, 514 N.E.2d 1231.

In granting defendant's motion for summary judgment, the trial court in the present case relied on *Horton v. Allstate Insurance Co.* (1984), 125 Ill. App. 3d 1034, 467 N.E.2d 284. In their appeal, plaintiffs argue that *Horton* is inapplicable. We agree.

The insured in *Horton* was covered under an Allstate Insurance Company policy similar to the one at issue in the present case. When the insured's home was destroyed by fire, he submitted sworn statements of proof of loss to Allstate. Allstate rejected the sworn statements, requesting more detailed information and additional documentation. The insured made no attempt to comply with Allstate's request or to excuse or dispute his noncompliance. Instead, he immediately filed suit against Allstate to recover the insurance proceeds. The trial court granted summary judgment in favor of Allstate and this court affirmed.

In upholding the trial court's decision, we held that the insured was under a contractual obligation to produce those documents expressly specified in the policy. We also held that because the insured made no attempt to comply with the request or excuse his noncompliance, his suit against Allstate was barred. (125 Ill. App. 3d at 1037.) A different situation is present in the case now before us.

Defendant based its motion for summary judgment on Patel's failure to produce certain checking account records. During the examination, when questioned about these records under oath, Patel stated that he might have copies of his monthly statements. Relying on this statement, defendant argued, and the trial court agreed, that Patel's failure to produce his checking accounts records constituted a refusal to comply similar to that of the *Horton* insured. We do not believe

that Patel's statement or anything else in the record supports a conclusion that plaintiffs made no attempt either to comply with defendant's requests or to excuse their noncompliance.

Following the fire that destroyed plaintiffs' building, defendant requested that Babu Patel appear for an examination under oath and asked that certain documents be produced at that time. Patel complied with defendant's request and appeared for the examination; however, at the start of the examination, he informed defendant that he did not have the requested documents. In attempting to explain his failure to produce the documents, Patel stated that many of the requested documents did not exist and that others were not in his possession.

Patel stated that his business went into bankruptcy during 1984, and that the bankruptcy trustee and, later, the mortgagee took over management of plaintiffs' building. Patel also claimed that he no longer possessed the building records and that the records had been removed by the bankruptcy trustee, who refused to return them. In addition, he stated that no leases had been executed with the building tenants and that he did not file income tax returns for the years in question. At the close of the examination, Patel gave defendant an oral list of his personal assets, debts, and prior insurance claims.

■ We find that the facts of the present case bear more similarity to those of the *Pick* and *Piro* cases than those of *Horton*. In the present case, unlike *Horton*, plaintiffs made some attempt to comply with with the provisions of the policy. As in *Pick* and *Piro*, Patel appeared for an examination under oath and provided some of the requested information. In addition, Patel provided explanations for his failure to fully comply with defendant's requests. Thus, the actions of the plaintiffs in the present case can be distinguished from those of *Horton*, where the insured filed suit without responding to, or attempting to excuse his failure to respond to, Allstate's request for records and documentation.

We believe that the facts in this case are sufficient to raise the issue of whether plaintiffs substantially complied with the terms of the policy and, therefore, summary judgment was improper. Accordingly, the judgment of the circuit court of Cook County is reversed and this cause remanded for further proceedings.

Reversed and cause remanded.

CERDA, P.J., and RIZZI, J., concur.