Filed 1/17/03 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2003 ND 8

Daniel Wilson, Plaintiff and Appellant

v.

Farmers Insurance Group, Defendant and Appellee

No. 20020209

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable Gary A. Holum, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Neumann, Justice.

Michael Ward of Eaton, Van de Streek & Ward, Heritage Place, 201 Main Street South, Ste. 200, Minot, N.D. 58701-3947, for plaintiff and appellant.

Jason R. Vendsel of McGee, Hankla, Backes & Dobrovolny, P.O. Box 998, Minot, N.D. 58702-0998, for defendant and appellee.

Wilson v. Farmers Insurance Group

No. 20020209

Neumann, Justice.

[¶1] Daniel Wilson appeals from the trial court’s June 4, 2002, summary judgment in favor of Farmers Insurance Group.  We reverse and remand.

[¶2] In October of 2000, Daniel Wilson fully insured his 1972 Ford Ranchero with Farmers Insurance Group.  On or about November 8, 2000, he filed a claim with Farmers Insurance to recover for an alleged theft of parts from the vehicle.  Farmers Insurance denied the claim because Wilson refused to produce certain records Farmers Insurance had requested.  On September 10, 2001, Wilson filed an action in small claims court against Farmers Insurance.  Farmers Insurance removed the action to district court, denied all allegations, and affirmatively asserted Wilson had not cooperated in its investigation.  On February 15, 2002, Farmers Insurance moved for summary judgment, arguing Wilson did not cooperate in its investigation, violating the cooperation clause of the policy and thereby precluding coverage of his claims.  The trial court granted the motion for summary judgment, ruling Wilson did not fully comply with the policy provision requiring his cooperation.  Wilson appeals.

[¶3] A grant of summary judgment is appropriate when no genuine issue of material fact exists.  
Tuhy v. Schlabsz
, 1998 ND 31, ¶ 4, 574 N.W.2d 823.  The party moving for summary judgment has the burden of showing no material facts are disputed.  
Id.
  We review the evidence in a light most favorable to the non-movant and then determine if summary judgment was properly granted as a matter of law.  
Id.
 at ¶ 5. 

[¶4] Wilson’s policy states he must “cooperate” with Farmers Insurance and assist in any matter concerning a claim or suit.  The policy also requires him to authorize Farmers Insurance to obtain medical and other records, and to submit to an examination under oath.  Generally, a breach of a cooperation clause by an insured will operate to relieve the insurer of liability under a policy.  8 Appleman, 
Insurance Law and Practice
 § 4772, at 215 (1981).  A cooperation clause in an insurance policy is generally regarded as a condition precedent, so that no rights accrue under a policy until the condition is satisfied.  
Id.
 § 4771, at 214-15.  To result in the breach of a policy condition, an insured’s lack of cooperation “must be substantial and material.”  
Id.
 § 4773, at 222.  The standard for compliance with a cooperation provision of a policy is “substantial compliance.”  
See
 
Patel v. Allstate Ins. Co.
, 570 N.E.2d 357, 361 (Ill. App. 1 Dist. 1991).

[¶5] Wilson argues summary judgment was inappropriate because a genuine issue of material fact exists as to whether he substantially complied with the cooperation clause of the policy he purchased from Farmers Insurance.  We have not previously written regarding compliance with cooperation provisions.  However, other jurisdictions have addressed that issue.  “Generally, the question of whether the insured has violated his insurance policy by failing to cooperate with the insurer is a question of fact for the trial court.”  
Hansen v. Barmore
, 779 P.2d 1360, 1364 (Colo. App. 1989); 
see also
 
Patel
 570 N.E.2d at 360 (stating “[w]hether an insured has substantially complied with the provisions of an insurance policy is a question of fact precluding summary judgment”).  “Only when the evidence is such that reasoning minds could draw but one conclusion does the fact question become a question of law for which summary judgment may be appropriate.”  
Schmidt v. First Nat’l Bank and Trust Co.
, 453 N.W.2d 602, 605 (N.D. 1990).

[¶6] In the present case, a question of fact exists as to whether Wilson substantially cooperated with Farmers Insurance.  While it appears from the record Wilson did not happily jump through the hoops of the investigation, a review of the evidence, in a light most favorable to Wilson, shows he attempted to cooperate, to an extent.  He sat for a recorded statement with a Farmers Insurance special claims representative, but the representative’s tape recorder malfunctioned.  Although he walked out of an initial session because of its long length and his frustration with the examiner, Wilson did complete an examination under oath as required.  During its investigation, Farmers Insurance repeatedly requested tax returns, Social Security records, and other financial records.  The record shows Wilson provided an explanation regarding the tax returns, provided the Social Security records, and provided some financial records.  While Wilson may not have been fully cooperative with Farmers Insurance and Farmers Insurance may not have been satisfied with the contents of Wilson’s records, we cannot say, as a matter of law, that he has not substantially complied with the cooperation clause.  

[¶7] We conclude the facts in this case could not lead reasoning minds to but one possible conclusion.  Summary judgment, therefore, was improper.  Accordingly, we reverse the trial court’s summary judgment and remand for further proceedings. 

[¶8] William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.