RAYMOND S. SARNOW *et al.*, Plaintiffs-Appellants, v. CLASSIC ADVERTISING, INC., *et al.*, Defendants-Appellees.

First District (1st Division)  No. 1—91—2967

Opinion filed January 18, 1994.

Daniel L. Houlihan & Associates, Ltd., of Chicago (William J. Hennessy, of counsel), for appellants.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Jean Dobrer, Assistant Corporation Counsel, of counsel), for appellee City of Chicago.

Robert J. Weber, of Chicago (Robert J. Weber and Anne T. Bottini, of counsel), for appellee Patrick Media Group, Inc.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiffs filed an action pursuant to section 11—13—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 11—13—15), seeking *mandamus* and injunctive relief against defendants, the City of Chicago (the City) and Classic Advertising, Inc. (Classic), regarding Classic's construction of an allegedly unlawful billboard at 1212 North Noble in Chicago. Section 11—13—15 permits municipalities and owners or tenants of realty located within 1,200 feet of any structure which violates a local zoning ordinance to file suit to enjoin, restrain, or otherwise remedy the deleterious impact of such structures.

The City originally had issued a permit to Classic to construct the billboard on June 1, 1981. Shortly thereafter, the City revoked the permit. Classic filed suit against the City in 1982 to have the permit reinstated. (Classic Advertising v. City of Chicago, No. 82—L—9938 (*Classic I*).) On August 9, 1985, the parties entered into a stipulation waiving a jury trial. In the stipulation, the City admitted that "subsequent to the revocation and the filing of [the lawsuit] the CITY OF CHICAGO has caused to be surveyed and confirmed that the permit was properly issued and its revocation was erroneous." The trial court found that the City had, indeed, erroneously revoked the permit and entered judgment in favor of Classic allowing it to proceed with construction of the billboard. No appeal was taken from the judgment in *Classic I*.

On May 20, 1986, plaintiffs filed an amended complaint in this lawsuit, *Classic II*. The amended complaint alleged that the billboard at issue in *Classic I* violated two Chicago zoning ordinances. (Chicago Municipal Code §§ 8.9(5), (7) (1985).) These sections prohibit, respectively, billboard construction within 500 feet of a super highway and within 75 feet of a residential area.

The City and defendant Patrick Media Group, Inc., filed motions to dismiss the amended complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), on the ground that the judgment in *Classic I* barred the action and that the July 12, 1990, amendment to the Chicago zoning ordinance rendered the issues in the case moot. The amendment to the ordinance renders legal any sign that does not conform to sections

8.9(5) and 8.9(7), so long as the sign was "lawfully erected pursuant to a permit lawfully issued prior to the effective date of the" amendment. (Chicago Municipal Code, § 6.7—1 (1985).) On July 15, 1992, the trial judge granted the motions to dismiss, finding that "the City lawfully issued its permit to Classic Advertising pursuant to a judgment order entered in [*Classic I*], that that lawfully issued permit complies with the provisions of the City of Chicago ordinances as amended and those amendments adopted in July 1990 as to nonconforming signs." Plaintiffs appeal.

A cause of action should not be dismissed on the pleadings "unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover." (*Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 113, 395 N.E.2d 549.) In considering the July 12, 1990, zoning amendment on legal nonconforming signs the trial court ruled that pursuant to the judgment in *Classic I*, the City had lawfully issued Classic a permit to erect the sign at issue here.

In essence, plaintiffs are challenging the substance of the judgment entered in *Classic I*. However, such a judgment may not ordinarily be attacked. A judgment by a court with proper jurisdiction " 'no matter how erroneous it may be, or even absurd—though it may be made in palpable violation of the law itself, and manifestly against the evidence—is, nevertheless, binding upon *** all parties and privies to it.' " (*Malone v. Cosentino* (1983), 99 Ill. 2d 29, 32, 457 N.E.2d 395, quoting *Young¹ v. Lorain* (1850), 11 Ill. 624, 637.) Thus, so long as the judgment in *Classic I* was valid when entered, that plaintiffs can show that the placement of the sign is not actually in conformance with the zoning laws as they existed in 1985, or today, is irrelevant.

Plaintiffs do not challenge the jurisdiction of the trial court in *Classic I*. Nor do they allege that they were not privy to *Classic I*.[1] Rather, plaintiffs argue that the judgment in *Classic I* was not one

---

[1]We note, however, that the court in *Classic I* did have jurisdiction over the case. Furthermore, under section 11—13—15, a private landowner's independent right to file an action to rectify zoning violations exists only if the municipality does not enforce its ordinances at all. (*Palella v. Leyden Family Service & Mental Health Center* (1980), 79 Ill. 2d 493, 502, 404 N.E.2d 228; *Launius v. Najman* (1984), 129 Ill. App. 3d 498, 502, 472 N.E.2d 170.) Here, the City did so, but the result was not to the liking of plaintiffs. Plaintiffs were certainly entitled to appeal *Classic I*. (*Nott v. Wolff* (1960), 18 Ill. 2d 362, 163 N.E.2d 809.) However, unless they are claiming matters and rights different from those asserted by the City in *Classic I*, they are not entitled to assert lack of privity in order to file a new lawsuit. *City of Chicago v. Westphalen* (1981), 93 Ill. App. 3d 1110, 1132, 418 N.E.2d 63.

on the merits, but simply the entry of a consent decree or settlement agreement, which is not *res judicata* of the issues involved in a case and does not constitute an adjudication on the merits. *Sleck v. Butler Brothers* (1964), 53 Ill. App. 2d 7, 13, 202 N.E.2d 64.

The judgment in *Classic I*, however inartful, determines the rights of the parties: "the Court after examination of [the] stipulation filed *instanter*, as well as the pleadings on file herein *** finds: That this issue is in favor of plaintiff, CLASSIC ADVERTISING *** and against the Defendant, CITY OF CHICAGO." In *Classic I*, the trial court made a finding of fact and law, ruling in favor of Classic. The judgment was valid, and plaintiffs are precluded from attacking it in an independent lawsuit. Thus, we cannot consider plaintiffs' contentions that the billboard at issue is unlawful, and the trial court properly dismissed the action.

Affirmed.

BUCKLEY and MANNING, JJ., concur.