NOTICE
Decision filed 08/10/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220730-U

NO. 5-22-0730

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| VICTORIA ROSE, LLC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | |
| | ) | No. 21-CH-214 |
| THE CITY OF ALTON, an Illinois Municipal Corporation; | ) | |
| SUNNYBROOK LP; KELLER CONSTRUCTION, INC.; | ) | |
| and MORRISSEY CONSTRUCTION CO., an Illinois | ) | |
| Corporation, | ) | Honorable |
| | ) | Anthony R. Jumper, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's order dismissing plaintiff's complaint is affirmed where the elements of collateral estoppel are established, and general principles of equity do not bar application of the doctrine.

¶ 2    Plaintiff, Victoria Rose, LLC, appeals the circuit court's order dismissing its complaint based on the doctrine of collateral estoppel. On appeal, plaintiff argues that the elements of collateral estoppel were not met and, even if they were, general principles of equity preclude application of the doctrine. For the following reasons, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4     On November 12, 2021, plaintiff, Victoria Rose, LLC, filed a complaint challenging the issuance of a building permit by defendant, the City of Alton, to defendant, Sunnybrook, LP. The City of Alton and Sunnybrook were previously before this court following the trial court's issuance of *mandamus* requiring the City of Alton to issue a building permit to Sunnybrook. See *Sunnybrook, LP v. City of Alton*, 2021 IL App (5th) 190314-U. Sunnybrook is the developer of the Sunnybrook Project, which is a proposed affordable housing development in the City of Alton. *Id.* ¶ 4. Victoria Rose, LLC, owns real estate near the proposed development area.

¶ 5     Plaintiff's complaint contended that the City of Alton previously determined that planned development procedures (PDPs) were required for the Sunnybrook Project. The complaint set forth the facts related to Sunnybrook's first three applications, the ultimate disposal of those applications, and selective portions of the previous litigation related thereto. The majority of facts alleged in plaintiff's complaint were similar to the facts set forth in *Sunnybrook I* and will not be repeated herein except as necessary to address the issues presented in this matter. *Id.* ¶¶ 4-53.[1]

¶ 6     The complaint further alleged that on September 14, 2021, following this court's issuance of the decision in *Sunnybrook I*, Carolyn MacAfee, an alderwoman for the second ward of the City of Alton, submitted a Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2020)) request to the City of Alton requesting a copy of any building permits issued for the Sunnybrook housing development and copies of the building permit application for any permit issued. In response to the FOIA request, Alderwoman MacAfee received Sunnybrook's fourth application for a building permit dated August 4, 2021, and approval of the application by Samuel Shaw on

---

[1]No reference to the trial court's April 24, 2019, hearing, or the trial court's April 29, 2019, order granting partial summary judgment to Sunnybrook on the PDP issue was included, although both were addressed in the prior decision. *Sunnybrook*, 2021 IL App (5th) 190314-U, ¶¶ 45-46.

August 18, 2021. She also received a copy of the $118,020 invoice for building permit number PB2109-0027, effective September 16, 2019, for the subject property. Plaintiff alleged that no plat, building plan, or specifications were submitted with the fourth application, the fourth application was subject to, but did not undergo, the PDPs, and no construction had started.

¶ 7    Count I of plaintiff's complaint requested injunctive relief pursuant to section 11-13-15 of the Illinois Municipal Code (65 ILCS 5/11-13-15 (West 2020)), alleging that the City of Alton previously determined that PDPs were required for the proposed development, citing Deanna Barnes' affidavit filed in *Sunnybrook I* in support of the claim. The complaint also alleged that if defendants were permitted to proceed with the development it would "bring large numbers of automobiles to the Subject Property [and] *** cause great congestion in public streets in the area in question." The complaint further alleged the use of the property for "residential purposes will adversely affect the taxable value of residential and commercial properties in the area and will impair the taxable value of lands and buildings of Plaintiff" who owns real estate adjacent to the proposed development property. Count I requested a declaratory judgment declaring that defendants Morrissey Construction Co. (Morrissey) and Sunnybrook did not acquire any vested right under the building permit improperly issued to them on August 18, 2021, along with preliminary and permanent injunctions enjoining defendants from proceeding with the proposed development. The count also requested attorney fees.

¶ 8    Count II alleged that Sunnybrook's fourth application was "similar to the prior three applications that were rejected by Alton," in that "ten, 4-plex townhomes comprised of 40 residential units and community center, would be built, and failed to undergo the PDPs required for the proposed development." Plaintiff alleged that Samuel Shaw "had no right or authority to approve the Fourth Application and issue a building permit for the proposed development in

3

violation of the City Code requirements." Plaintiff further alleged that the permit issued was beyond the power of the officer to issue because said permit was prohibited by ordinance and the permit had "no legal status" and extended "no legal rights to the Defendants." The count again alleged "great congestion" due to traffic and an adverse tax value of the surrounding properties. Plaintiff requested the court declare the building permit void and/or invalid with no legal rights or status afforded to defendants along with costs and attorneys' fees.

¶ 9    On December 17, 2021, the City of Alton responded by filing a motion to dismiss. The motion addressed the prior Sunnybrook litigation (*Sunnybrook I*) in which the City of Alton argued that the PDPs were applicable, stating its previous argument was the same argument presented by plaintiff herein. The City of Alton addressed the April 24, 2019, summary judgment hearing on the PDP issue and the trial court's April 29, 2019, order granting partial summary judgment to Sunnybrook that found a PDP did not apply to Sunnybrook's proposed project. A transcript of the April 24, 2019, summary judgment hearing and the trial court's order were attached to the motion. The motion further addressed this court's decision in *Sunnybrook*, 2021 IL App (5th) 190314-U, explaining that our decision only vacated the *mandamus*, not the trial court's summary judgment order. A copy the *Sunnybrook I* decision was also attached.[2] The City of Alton motion argued that collateral estoppel precluded further action in plaintiff's case as the prior decisions addressed the entirety of plaintiff's complaint.

¶ 10    A motion to dismiss was also filed by defendants Sunnybrook, Keller Construction, Inc. (Keller), and Morrissey, on December 17, 2021. The motion also addressed collateral estoppel, and further argued that plaintiff was in privity with the City of Alton, based on the prior litigation

---

[2]That decision noted that the City of Alton requested the appellate court "vacate the circuit court's April 29, 2019, order granting Sunnybrook partial summary judgment on the issue concerning a planned development procedure." However, the City failed to "include the April 29, 2019, order in its notices of appeal," and this court declined to address the issue. *Sunnybrook*, 2021 IL App (5th) 190314-U, ¶ 2 n.1.

and the City's same argument, citing *Sarnow v. Classic Advertising, Inc*., 256 Ill. App. 3d 307 (1994). This motion was supported by Sunnybrook's second amended complaint filed February 11, 2019; the attachments thereto; its March 20, 2019, motion for summary judgment on the *mandamus* request that addressed the issue of the PDPs; its March 26, 2019, memorandum of law filed in support of its motion for summary judgment; the City of Alton's cross-motion for summary judgment which collaterally addressed the issue of PDPs; the transcript from the April 24, 2019, hearing on the cross-motions for summary judgment; the trial court's April 29, 2019, order granting partial summary judgment on the PDP issue in favor of Sunnybrook; and this court's decision in *Sunnybrook*, 2021 IL App (5th) 190314-U, all of which was related to the prior litigation. The motion was also supported by a memorandum of law.

¶ 11    On January 24, 2022, plaintiff filed its combined response to defendants' motions to dismiss. Plaintiff argued that defendants failed to meet the legal requirements for collateral estoppel because its complaint dealt with Sunnybrook's fourth application for a permit, and the prior litigation was based on Sunnybrook's second application. In support, plaintiff relied on the increase in costs listed on second and fourth applications as well as the name change seen on the applications. Plaintiff further argued that this issue was not addressed by the City of Alton in the prior litigation because the City of Alton did not file any response to Sunnybrook's motion for summary judgment, failed to file any counteraffidavits, and attempted to argue the issue on appeal but failed to properly notice the issue for appeal. The response further argued—citing *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 391 (2001)—that general principles of equity precluded application of collateral estoppel. Citing Restatement (Second) of Judgments § 28 (1982), plaintiff argued that equitable principles included circumstances when "[t]here is a clear and convincing need for a new determination of the issue *** (c) because the party sought to be precluded, as a

5

result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action." Plaintiff also relied on the Restatement comments, which included an example involving a governmental agency bringing "an action for the protection or relief of particular persons or of a broad segment of the public." Restatement (Second) of Judgments § 28 cmt. *h*. That comment stated, "In such cases, when a second action is brought, due consideration of the interests of persons not themselves before the court in the prior action may justify relitigation of an issue actually litigated and determined in that action." *Id*.

¶ 12 On January 28, 2022, the City of Alton filed a supplement to its motion to dismiss, attaching Exhibit E that was inadvertently unattached to the initial motion. Exhibit E was the declaration of Samuel Shaw, the City of Alton Code Inspector. Mr. Shaw stated he was aware of the three previous applications filed by Sunnybrook and the third application was denied due to a lack of a fire-suppression plan. After noting two other independent application reviews by John Hale (an engineer) and B&F Construction Code Services, Inc (an independent company), Mr. Shaw stated that Sunnybrook's fourth application contained the fire suppression plan, along with other documents previously submitted that met the Alton City Code requirements. Mr. Shaw stated that he, as well as Ethan Hausman (the plumbing inspector) and Ed Frankford (the electrical inspector), found the fourth application complied with the Alton City Code, noting that previous comments from Hale and B&F were also remedied in that application. Mr. Shaw stated that based on prior instructions from the Madison County circuit court in the previous litigation, "and full compliance with the City Code for the City of Alton in its fourth building permit application," he approved Sunnybrook's fourth building permit application.

6

¶ 13    Sunnybrook, Keller, and Morrissey filed a reply to plaintiff's response on February 11, 2022. The reply addressed the "4-year long effort to thwart" the development. The reply also addressed the City of Alton's "vigorous" litigation of the PDP issue held before Judge Dugan on April 24, 2019. They argued that the issue in the current case was identical to the prior suit, and the issue was fully and fairly litigated.

¶ 14    The parties argued the motion to dismiss before Judge Chapman on February 14, 2022. Following the hearing, the trial court directed the parties to submit supplemental briefing by March 8, 2022. The supplemental briefs filed by defendants Sunnybrook, Keller, and Morrissey argued that the same issue regarding PDPs was previously addressed. It further argued that the City's failure to properly appeal the decision did not preclude application of collateral estoppel. The City of Alton's supplemental brief argued that Sunnybrook's fourth application did not preclude the application of the prior decision rendered when the second application was pending because both applications dealt with an R-4 zoned district involving 10 4-plex townhomes. It further averred that the prior cross-motion for summary judgment argued that a PDP was required, so the issue was fully litigated regardless of the failure to properly appeal the issue. Plaintiff's supplemental brief argued that the common law doctrine of estoppel *in pais* did not apply in the present dispute, the court should look at the law of the case at the time the trial court's judgment was entered, there was no rule of law concerning the issue of subsequently submitted permits, and the City of Alton's failure to preserve its appellate rights should not be imputed to plaintiff.

¶ 15    On March 25, 2022, the trial court issued an order denying the motions to dismiss. The court found that summary judgment was sufficient to find a prior judgment and plaintiff's claim that the City of Alton defaulted in arguing against the PDP before the trial court had no support in the record. The court also addressed the fourth application but rendered no finding on that issue

7

because it stated the appellate court's decision, *Sunnybrook*, 2021 IL App (5th) 190314-U, reversed the trial court's order and declined to address the applicability of PDP issue. After adopting the "modern approach" delineated in the Restatement (Second) of Judgments §§ 16, 27, comment *o*, the court found the trial court's prior finding on the PDP issue did not preclude Victoria Rose's current complaint.

¶ 16    On May 5, 2022, Sunnybrook, Keller, and Morrissey filed a motion to reconsider stating that all the parties agreed that Restatement (Second) of Judgments § 27, comment *o*, did not apply in the current case because the trial court's order was not appealed by Alton and that the section *i* comment was equally inapplicable. The motion further argued that preclusion did not apply based on this court's reversal of the *mandamus* order because the PDP order remained intact. The motion was supported by the declaration of Ryan Morrissey, the vice president of defendant Morrissey Construction, which stated the proposed number, size, and layout of the buildings in the Sunnybrook Project had not changed since November 2018, although the costs had increased significantly due to the passage of time. More specifically, the cost for materials and labor increased by more than 30% during the pandemic and last few years. The declaration asserted that the increased costs were due to inflation which was the basis of the increased project costs from $8.6 million in 2018 to $11.8 million currently.

¶ 17    On May 5, 2022, plaintiff was ordered to respond to the motion to reconsider in 30 days. On May 9, 2022, the City of Alton joined and adopted Sunnybrook, Keller, and Morrissey's motion to reconsider. Plaintiff filed its response on June 6, 2022, stating that the City of Alton had "no incentive to challenge the Appellate Court's ruling on the effectiveness of the notice of appeal of the April 29, 2019[,] order because the case was remanded *** for further proceedings." Plaintiff further argued that with the reversal, there was no final order entered in the previous litigation and

8

"there is still the potential for the April 29, 2019, summary judgment order on PDP to be merged into a future final order and appealed." Plaintiff claimed that because appellate review was not exhausted the required elements of collateral estoppel failed to apply.

¶ 18   On June 29, 2022, Chief Judge Mudge issued an order reassigning the case to Judge Ruth. Despite the reassignment, on July 6, 2022, Judge Chapman issued an order denying defendants' reconsideration request. On July 14, 2022, plaintiff moved for substitution of judge as of right. On July 15, 2022, Judge Ruth struck Judge Chapman's order, finding Judge Chapman was without authority due to the earlier reassignment. On July 26, 2022, Sunnybrook, Keller, and Morrissey filed a reply in support of their motion to reconsider. The motion to reconsider was set for hearing on July 27, 2022. On July 27, 2022, Judge Ruth issued an order granting plaintiff's motion for substitution of judge. The order further stated, "By agreement, order entered on 7-15 is valid." On August 4, 2022, the case was reassigned to Judge Jumper.

¶ 19   The motion for reconsideration was heard by Judge Jumper on September 22, 2022. The City of Alton conceded that a decision was made, by prior counsel, to not appeal the portion of the *Sunnybrook* decision regarding the PDP not being properly raised as an issue on appeal. Counsel disagreed that the issue could be taken up a second time. Plaintiff argued that its lawsuit was not based on the prior litigation that granted the permit; their litigation was based on the current building permit. The City of Alton also advised the court that the current building permit was now expired, and given the contempt finding in the prior case, expressed concerned that they were again in the same scenario. It stated that once the new permit was issued, someone else would challenge it and the litigation would begin again. Sunnybrook argued that the City of Alton previously litigated against the issuance of a permit and in favor of a PDP but "ultimately lost that issue." Following the hearing, the court took the matter under advisement.

9

¶ 20    On October 13, 2022, the trial court issued an order granting defendants' motion to reconsider and defendants' motions to dismiss. After addressing both the prior and current litigation, the trial court found that neither comment *o* of Restatement section 27 nor section 16 prevented the PDP order from having preclusive effect in this case. Thereafter, the court addressed the elements of collateral estoppel and found plaintiff was in privity with the City of Alton as it related to the PDP issue. The trial court further found the PDP order was a final judgment and no longer subject to appeal in the prior litigation. The court found the PDP issue decided by Judge Dugan in the prior litigation was identical to the issue plaintiff raised in the current suit. Finally, the court found the PDP issue was "fully, fairly, and actually litigated in the Initial Litigation," noting that the City of Alton had the opportunity to appeal that decision but did not. It concluded by stating, "While the Court is mindful of Plaintiff's criticism of Alton's then counsel's failure to appeal the PDP issue, the Court is not persuaded that is sufficient to require the Defendants and the Court to again have to litigate an issue that was already fully and fairly litigated before Judge Dugan." Plaintiff timely appealed.

¶ 21                                    II. ANALYSIS

¶ 22    On appeal, plaintiff argues that the trial court erred by finding the issue in the initial litigation was identical to that presented by plaintiff. Plaintiff further argues that the trial court erred in finding there was a final judgment on the merits in the initial litigation. Finally, plaintiff argues, in the alternative, that even if the elements of collateral estoppel were met, general principles of equity barred the application of the doctrine.

¶ 23    Defendants' motions to dismiss were based on section 2-619 of the Code of Civil Procedure and claimed the cause of action was barred by a prior judgment. 735 ILCS 5/2-619(a)(4) (West 2020). This motion "admits the legal sufficiency of the plaintiff's claim but asserts 'affirmative

10

matter' outside of the pleading that defeats the claim." *Czarobski v. Lata*, 227 Ill. 2d 364, 369 (2008). When ruling on such motion, "the court should construe the pleadings and supporting documents in the light most favorable to the nonmoving party." *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. On review, we determine whether a genuine issue of material fact precludes the dismissal, or if no material fact exists, " 'whether dismissal is proper as a matter of law.' " *Id.* (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993)). "Our review is *de novo*." *Id.*

¶ 24    Here, defendants' section 2-619 claim is founded on the doctrine of collateral estoppel. "When properly applied, collateral estoppel, also referred to as issue preclusion, promotes fairness and judicial economy by preventing the relitigation of issues that have already been resolved in earlier actions." *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 77 (2001). "The doctrine of collateral estoppel applies when a party, or someone in privity with a party, participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction." *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389-90 (2001). "The adjudication of the fact or question in the first cause will, if properly presented, be conclusive of the same question in the later suit, but the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined and not as to other matters which *might* have been litigated and determined." (Emphasis in original.) *Id.* at 390 (citing *Housing Authority for La Salle County v. Young Men's Christian Ass'n*, 101 Ill. 2d 246, 252 (1984)).

¶ 25    Three requirements exist for application of collateral estoppel: "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final

11

judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication."[3] *Gumma v. White*, 216 Ill. 2d 23, 38 (2005). The applicability of the collateral estoppel doctrine is a question of law reviewed *de novo*. *In re A.W.*, 231 Ill. 2d 92, 99 (2008).

¶ 26                                    A. Identical Issue

¶ 27    Plaintiff first argues that the PDP issue decided in the initial litigation is not identical to the one present here. In the initial litigation the trial court "granted Sunnybrook partial summary judgment, finding that no PDP was required for the Sunnybrook Project, and, as agreed to by the parties, no special use permits were required." *Sunnybrook*, 2021 IL App (5th) 190314-U, ¶ 46. "Specifically, the court determined that the ordinances of the Alton Code regarding the need for the PDP had 'no application in this particular setting based upon the materials I have in front of me.' " *Id*. Here, plaintiff does not dispute that the same Sunnybrook Project is at issue. Instead, plaintiff argues that the trial court's finding in the initial litigation was based on Sunnybrook's second application for a building permit and the current lawsuit is based on Sunnybrook's fourth application. In support, plaintiff argues the applications are not the same because the costs associated with the fourth application was over $3 million more than the prior application. Plaintiff further argues that the owner listed on the second application was a "To-be formed Limited Partnership" and the owner on the fourth application was listed as "Sunnybrook LP."

¶ 28    As to the project costs, the increase was addressed in Ryan Morrissey's declaration which stated the values were the result of increases in the costs associated with materials and labor during the pandemic and thereafter. No counteraffidavit or evidence to the contrary was presented. The

---

[3]No argument regarding the third element was presented by plaintiff. As such, we affirm the trial court's finding of privity and limit our review to the two remaining elements.

failure to challenge or contradict a supporting 2-619 motion affidavit results in an admission of the facts stated therein. *Piser v. State Farm Mutual Automobile Insurance Co*., 405 Ill. App. 3d 341, 353 (2010). The increased cost of materials and labor does nothing to undermine that the applications addressed the same project, and the PDP issue remained the same.

¶ 29    Plaintiff also argues that the PDP issue decided in the initial litigation is not identical to the one present here because there was a change in names from the *second* application for a building permit to the *fourth* permit application. However, the lack of Sunnybrook's name on the first and second applications was deemed irrelevant when addressing whether Sunnybrook had standing to bring the litigation because affidavits in the initial litigation revealed that Morrissey Construction filed the permits "on Sunnybrook's behalf, for the Sunnybrook Project." *Sunnybrook*, 2021 IL App (5th) 190314-U, ¶ 68. Again, no counteraffidavit was filed, and that fact was admitted. *Id*.

¶ 30    While plaintiff contends the change in names does not meet the narrowly tailored application required by *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 391 (2001), plaintiff's argument is rebutted by plaintiff's own pleadings, which we consider in a light most favorable to plaintiff. The complaint alleged that Sunnybrook's second amended complaint concerned the *third* application for a building permit, not the *second* as claimed on appeal. This is relevant because Sunnybrook's third application listed Sunnybrook as the owner of the Sunnybrook Project (*Sunnybrook*, 2021 IL App (5th) 190314-U, ¶ 23), and the third application was the basis of the second amended complaint filed in *Sunnybrook I*. Therefore, contrary to plaintiff's argument on appeal, there was no name change between the two relevant applications. However, even if the names were different, plaintiff provided no argument or evidence regarding how a change in the owner's name on a building permit application affected the trial court's decision on the PDP issue

13

for the same building project. Accordingly, we find no merit in plaintiff's arguments claiming that a decision regarding PDPs related to the second application is not relevant to the fourth application.

¶ 31    Further undermining plaintiff's argument is the fact that plaintiff's complaint alleged that "[t]he [f]ourth [a]pplication is similar to the prior three applications that were rejected by Alton, in that Morrissey proposes to build ten, 4-plex townhomes comprised of 40 residential units and community center." There is no dispute that the PDP issue, involved in both the prior and current litigation, was related to Sunnybrook's planned development of "ten 4-plex townhomes comprised of 40 residential units and community center" at the same location in the City of Alton. Again, plaintiff provides no argument or evidence why the trial court's determination on the PDP issue in the initial litigation would not be identical to the PDP issue in the current litigation when all four building permit applications stemmed from the same project. Accordingly, we find the PDP issue decided in the prior litigation is identical with the PDP issue raised in the current litigation for the purpose of collateral estoppel.

¶ 32                        B.  Finality of the Initial Decision

¶ 33    Plaintiff next argues there was no final judgment on the merits with regard to the PDP issue in the initial litigation. In support, plaintiff claims that the City of Alton did not have the incentive or the opportunity to obtain a full and fair adjudication regarding the PDP issue. Plaintiff claims that the City of Alton (1) failed to respond to Sunnybrook's motion for summary judgment, (2) failed to timely file its cross-motion for summary judgment with sufficient time to allow the trial court in the prior proceeding the ability to review the City of Alton's position prior to the hearing, and (3) failed to submit any affidavits or counteraffidavits in its cross-motion for summary judgment pleadings. None of these arguments have merit.

14

¶ 34    Plaintiff is essentially requesting this court to speculate as to the City of Alton's ability to present evidence or argument during the prior litigation. However, no speculation is necessary, as the transcript from the April 24, 2019, hearing is contained in the record. First, it is undisputed that the City of Alton filed a cross-motion for summary judgment. "When parties file cross-motions for summary judgment, they agree that only a question of law is involved and invite the court to decide the issues based on the record." *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. Thereafter, the court decides if an issue of material fact precludes summary judgment; the trial court is not obligated to render summary judgment. *Id.* Summary judgment is only granted where the pleadings, depositions, admissions, and affidavits on file conclude there is no genuine issue as to any material fact and the moving party is clearly entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2020). "Summary judgment is the procedural equivalent of a trial and is an adjudication on the merits" and is sufficient "for purposes of applying collateral estoppel." *Du Page Forklift Service, Inc.*, 195 Ill. 2d at 84-85. See also *American Freedom Insurance Co. v. Garcia*, 2021 IL App (1st) 200231, ¶ 52.

¶ 35    At the April 24, 2019, hearing, Sunnybrook argued that the City of Alton's PDPs were unnecessary, and the City of Alton argued to the contrary. Both parties agreed that the PDP issue was a legal, not a factual, question for the court to decide, and the decision should be based on the Alton City Code. Following lengthy argument by both parties, the court stated, "My interpretation of that is the PDP has no application in this particular setting based upon the material I have in front of me." When questioned by the City of Alton's counsel as to the particulars of the decision, the court stated, "I think that they've met the burden of proof on the summary judgment as to whether there's any application of the PDP at all. And looking at the ordinances that you've

15

provided to me and that [opposing counsel] has provided to me, I just don't see where this comes even close to fitting a PDP."

¶ 36    As to the argument made herein, while plaintiff contends the decision was not final because the City of Alton failed to file a response, affidavit, or counteraffidavit, no argument as to what other specific information would be necessary beyond the Alton City Code—which was provided by both parties to the court and addressed at the hearing—for the court to issue its ruling interpreting the city code. Here, both parties were provided the opportunity, and vigorously argued, their interpretation of the Alton City Code and why that interpretation did or did not require a PDP. On these facts, we find plaintiff's argument that the decision was not final, based on the lack of responsive or timely pleadings filed prior to the hearing, completely without merit.

¶ 37    Plaintiff also contends that the decision is not final because the City of Alton failed to perfect the issue in its notice of appeal. Plaintiff does not argue that the April 29, 2019, order was not final for purposes of appeal. Instead, plaintiff argues that this court should find the order was not final for purposes of collateral estoppel citing *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 391 (2001), and *In re Juma*, 530 B.R. 682, 689 (Bankr. N.D. Ill. 2015).

¶ 38    However, neither case supports plaintiff's position. *Juma* specifically found "[t]he issue is identical; there was a final judgment; and the parties are the same." *Juma*, 530 B.R. at 688. *Nowak* found the doctrine inapplicable because the issues were not identical—which removed the need to discuss the finality of the judgment. *Nowak*, 197 Ill. 2d at 394. The only other case cited by plaintiff on this issue was in the reply brief which cited *Talarico v. Dunlap*, 177 Ill. 2d 185 (1997). However, *Talarico* specifically noted that the parties conceded "the elements for collateral estoppel to apply have been satisfied." *Id*. at 193.

16

¶ 39    "For purposes of collateral estoppel, a judgment is not final until the potential for appellate review has been exhausted." *Terry v. Watts Copy Systems, Inc.*, 329 Ill. App. 3d 382, 391 (2002) (citing *Ballweg v. City of Springfield*, 114 Ill. 2d 107, 113 (1986)). Here, the City of Alton's potential for review was extinguished upon its failure to perfect its appeal regarding the trial court's April 29, 2019, order as well as its failure to appeal the appellate court's finding on this issue.

¶ 40    Plaintiff's displeasure with the prior ruling is irrelevant. We note the following from our supreme court:

> "A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect of its validity, verity, or binding effect by parties or privies, in any collateral action or proceeding. *** As early as 1850, this court stated that when jurisdiction is established a court's judgment being thus entered by authority of law, no matter how erroneous it may be, or even absurd— though it be made in palpable violation of the law itself, and manifestly against the evidence—is, nevertheless, binding upon all whom the law says shall be bound by it, that is, upon all parties and privies to it, until it is reversed in a regular proceeding for that purpose. While it remains a judgment, it cannot be inquired into, nor its regularity questioned, in any collateral proceeding." (Internal quotation marks omitted.) *Malone v. Cosentino*, 99 Ill. 2d 29, 32 (1983).

¶ 41    Here, no argument was presented claiming the circuit court did not have jurisdiction in the earlier claim. While this court's decision vacated the circuit court's order granting a writ of *mandamus*, the decision did not affect the summary judgment order regarding the PDP. The fact that the City failed to properly appeal the decision does not undermine the circuit court's earlier

17

decision on the issue. *Fried v. Rosario*, 171 Ill. App. 3d 156, 162 (1988) ("The fact that he did not appeal from that particular ruling *** is immaterial.").

¶ 42 As there is no evidence to undermine our conclusion that the potential for appellate review on the PDP issue has been exhausted, we hold that the circuit court's April 29, 2019, order granting partial summary judgment to Sunnybrook on the PDP issue is a final order for purposes of collateral estoppel. Accordingly, the threshold elements of collateral estoppel have been satisfied.

¶ 43                                  C. General Principles of Equity

¶ 44 Finally, plaintiff argues that general principles of equity preclude application of collateral estoppel in this matter. As such, we consider the instructive principles enunciated by our supreme court:

> "Even where the threshold elements of the doctrine are satisfied, collateral estoppel must not be applied to preclude parties from presenting their claims or defenses unless it is clear that no unfairness results to the party being estopped. In deciding whether the doctrine of collateral estoppel is applicable in a particular situation, a court must balance the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present his case. In determining whether a party has had a full and fair opportunity to litigate an issue in a prior action, those elements which comprise the practical realities of litigation must be examined." *Nowak*, 197 Ill. 2d at 391.

¶ 45 Here, plaintiff's initial argument addresses the PDP requirements under the Alton City Code. However, such argument has no relevancy when determining whether the circuit court's April 29, 2019, order should or should not preclude plaintiff's claim based on general principles of equity. Plaintiff also argues that the City of Alton had no incentive or opportunity to litigate the

18

prior issue. In support plaintiff argues that the City "failed to properly litigate and appeal the PDP issue" and, as a result, plaintiff will be stripped of all the protections afforded by a PDP without having a court "properly weigh in on whether PDP applies to Sunnybrook's development."

¶ 46    "[C]ourts generally hold the 'full and fair opportunity to litigate' requirement to be satisfied if the parties to the original action disputed the issue and the trier of fact resolved it." *Raper v. Hazelett & Erdal*, 114 Ill. App. 3d 649, 653 (1983). Here, the record reveals that the City of Alton vigorously argued in support of a PDP for the Sunnybrook Project at the hearing on April 24, 2019. The evidence further reveals, upon consideration of the hearing transcript and plaintiff's complaint, that plaintiff's argument is identical to the one presented by the City of Alton. The only evidence plaintiff presents in support of its claim that the City of Alton failed to adequately address the issue is the Alton City Code and Deanna Barnes' affidavit, both of which were filed in the initial Sunnybrook litigation. As such, plaintiff's claim that the City of Alton failed to adequately litigate the issue in the initial litigation has no merit. Further, for the reasons set forth above, plaintiff's claim related to City of Alton's failure to appeal the April 29, 2019, order in either of its notices of appeal is equally uncompelling.

¶ 47    Finally, plaintiff relies on comment *h* of section 28 in the Restatement (Second) of Judgments, which states:

> "There are many instances in which the nature of an action is such that the judgment
> will have direct impact on those who are not themselves parties. For example, an
> agency of government may bring an action for the protection or relief of particular
> persons or of a broad segment of the public ***. In such cases, when a second action
> is brought, due consideration of the interests of persons not themselves before the

19

court in the prior action may justify relitigation of an issue actually litigated and determined in that action." Restatement (Second) Judgments § 28 cmt. *h* (1982).

¶ 48 Here, providing due consideration to plaintiff's argument, it is apparent that plaintiff bases its claim of unfairness on its inability to participate in a public hearing *if* a PDP was required for the Sunnybrook Project, increased traffic, and reduced tax values for adjacent properties. First, plaintiff's claim related to traffic in the area and/or a reduced tax value of property in the area was previously advanced by the City of Alton. *Sunnybrook*, 2021 IL App (5th) 190314-U, ¶¶ 9, 12. Further, plaintiff's interest in a public hearing is speculative, at best, as such hearing is only allowed for projects requiring PDPs. Accordingly, plaintiff presented no claim of unfairness that was not previously presented by the City of Alton in the prior litigation, and we do find comment *h* applicable to the matter at hand.

¶ 49 "Application of the doctrine of collateral estoppel must be narrowly tailored to fit the precise facts and issues that were clearly determined in the prior judgment." *Nowak*, 197 Ill. 2d at 390-91. Here, the facts, issues, interests, and arguments are the same as that presented in the prior litigation. Permitting repeated litigation on the same issue when the previous matter was fully and fairly litigated is contrary to the underlying principles ensconcing the doctrine of collateral estoppel, especially when the interests of both parties are identical and no unfairness results to plaintiff. *Talarico*, 177 Ill. 2d at 191-92. Accordingly, we hold that general principles of equity fail to preclude application of the doctrine of collateral estoppel as to the circuit court's April 29, 2019, order initially finding that a PDP was not required for the Sunnybrook Project.

¶ 50                                    III. CONCLUSION

¶ 51 For the foregoing reasons, we affirm the circuit court's order granting defendants' motions to reconsider and defendants' motions to dismiss.

20

¶ 52    Affirmed.